383 So.2d 1158 (1980)
Lilyan WEISSBERG and Sidney Weissberg, Appellants,
v.
CITY OF MIAMI BEACH, Southern Bell Telephone and Telegraph Company, Appellees.
Nos. 78-2095, 79-1929.
District Court of Appeal of Florida, Third District.
June 3, 1980.
Stabinski, Funt, Levine & Vega, Miami, and Regina F. Zalonker, for appellants.
Preddy, Kutner & Hardy and Howard K. Cherna, Miami, for appellees.
Before SCHWARTZ, NESBITT and DANIEL PEARSON, JJ.
NESBITT, Judge.
The issue raised in this appeal is the scope of sovereign immunity of a municipality. Mrs. Weissberg was involved in a two-car accident at the intersection of Sixteenth Street and Lennox Avenue in Miami Beach. At the site, Southern Bell Telephone Company was working on its line through an open manhole. Visibility at the intersection was obscured by Southern Bell's equipment. The city of Miami Beach regularly requires a utility to employ a uniformed, off-duty city policeman selected in rotation from a roster for the purpose of directing traffic around a worksite. The officer's salary is paid on an hourly basis by the utility company. In conformity with this practice, a Miami Beach policeman had been dispatched to direct traffic at this intersection. At the time of the particular accident, the officer was not directing traffic but was resting in the shade on the side of the road.
Mrs. Weissberg, joined by her husband for his derivative claim, brought suit for damages against both the City of Miami Beach and Southern Bell Telephone Company. The trial court granted summary judgment in favor of the city prior to the Supreme Court's decision in Commercial Carrier Corporation v. Indian River County, 371 So.2d 1010 (Fla. 1979), apparently on the doctrine that municipalities were under no special duty to provide special police protection to those in situations similar to Mrs. Weissberg's. In Commercial Carrier, the Supreme Court determined that the "general duty"-"special duty" dichotomy has been abrogated by the waiver of sovereign immunity by the state, its agencies, or subdivisions.[1]
The city attempts to sustain the judgment here with the contention that the decision to place a police officer to direct traffic at that particular location involved a planning function. Utilizing the test of Commercial Carrier, we reject this contention because we see no difference between *1159 malfunctioning traffic devices, which were involved in Commercial Carrier, and an inattentive police officer whose failure to regulate and direct the flow of traffic may have led to this accident. Since the procedure had been established to provide police officers to direct traffic at the worksite of a utility, the failure to ensure that a traffic device is functioning properly is no different than to ensure that the officer assigned will properly carry out his function of directing traffic. Both are simply operational level activities.
Accordingly, the summary judgment and the cost judgment entered in favor of the city are reversed and the cause remanded for further proceedings.
NOTES
[1] § 768.28, Fla. Stat. (1977).