463 So.2d 443 (1985)
Fred EDER, Appellant,
v.
DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, Appellee.
No. 84-686.
District Court of Appeal of Florida, Fourth District.
February 6, 1985.
Rehearing Denied March 7, 1985.
Thomas E. Buser of Krupnick & Campbell, and Cathy Jackson Burris of Hollmann & Burris, Fort Lauderdale, for appellant.
Bradley P. Goodman, Fort Lauderdale, for appellee.
WALDEN, Judge.
We recite with approval the comprehensive Final Summary Judgment entered by the Honorable H. Mark Purdy:
THIS CAUSE came on for hearing upon the Motion for Final Summary Judgment of Defendant, State of Florida Department of Highway Safety and Motor Vehicles. Based upon the pleadings, facts, affidavits, evidence and law presented, the court predicates its ruling upon the following findings of fact and law:
The undisputed material facts established that on April 29, 1979 there were heavy rains and storms throughout South Florida resulting in large electric power failures throughout significant portions of Broward County. The traffic light at the intersection of Powerline Road and Atlantic Boulevard as well as numerous other traffic lights were not functioning as a result of said power failure.
An automobile accident occurred at approximately 9:21 at the intersection of *444 Powerline Road and Atlantic Boulevard. Trooper R. Hylton of the Florida Highway Patrol went to the scene to investigate said accident which had resulted in injuries.
After approximately one hour, Trooper Hylton had moved his vehicle to a service station located on the northeast corner of said intersection and was completing his accident report. A second trooper, Trooper Chafey, arrived at the accident scene. Both Trooper Chafey and Trooper Hylton were on the property of the service station and their vehicles did not have their blue lights flashing.
Trooper Chafey observed that several motorists were driving through the intersection with the non-functioning traffic signal without slowing or stopping their vehicles. He feared that there might be a second collision. Trooper Chafey recalled that Florida Statute 316.1235 requires motorists to treat a non-functioning traffic signal as a stop signal and he decided to issue citations for violation of said traffic control statute. While he was in the process of filling out in blank several citations, a second accident occurred at said intersection.
The second accident occurred when plaintiff herein was travelling south on Powerline Road through the intersection and another driver was travelling west on Atlantic Boulevard through the intersection. Neither driver slowed nor stopped nor apparently observed the other resulting in the collision at mid-intersection. Plaintiff received significant and substantial injuries in said accident.
Plaintiff brought suit against the driver of the vehicle which had been proceeding west on Atlantic Boulevard. Through discovery, plaintiff learned of the actions or inactions of Trooper Chafey and, after settlement of his suit against the adverse driver, brought suit against the State of Florida Department of Highway Safety and Motor Vehicles alleging negligence.
This court finds that Trooper Chafey was faced with several distinct choices in the moments before the instant accident. These included but were not limited to: Travelling to another busier intersection in the area to attempt to direct traffic; direction of traffic at this intersection; placement of his Florida Highway Patrol vehicle in the center of this intersection; going about routine patrol; or, issuing citations for failure to stop at non-functioning traffic signal.
I specifically find that pursuant to Florida Statute 768.28 and the recent Supreme Court and District Court interpretations thereof, the trooper's decision of what action to take under the circumstances is not subject to judicial scrutiny and is sovereign immune.
Consideration has been given to the four-prong [sic] test of Evangelical United Brethren Church of Adna v. State, 67 Wash.2d 246, 407 P.2d 440 (1965) as adopted by the Florida Supreme Court in Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010 (Fla. 1979). It seems clear that each of the four requisite portions of the test must be answered in the affirmative under the facts of this case.
The court finds that there is great similarity with the issues of the instant case and those raised in the recent decision of the Second District in Everton v. Willard, 426 So.2d 996 (2nd DCA 1983). In Everton, the police officer was faced with the decision whether or not to arrest. Here, I find that Trooper Chafey was faced with a similar decision concerning whether or not to direct traffic. Had Trooper Chafey decided to direct traffic and done so in a negligent fashion, then an action for negligence would seem appropriate. Here, however, the trooper was faced with numerous discretionary choices in the field incidental to his position of law enforcement officer. This court feels that such discretionary decisions are exactly the type envisioned to be sovereign immune under Florida Statute 768.28 and those cases interpreting said statute.

*445 WHEREFORE, pursuant to this court's order of summary judgment of February 24, 1984, it is thereupon
ORDERED AND ADJUDGED that Plaintiff, Fred Eder, shall take nothing of this action and Defendant, State of Florida Department of Highway Safety tend Motor Vehicles shall go hence without day and shall recover their taxable costs upon later motion and hearing.
DONE AND ORDERED in Chambers at Ft. Lauderdale, Broward County, Florida this 6 day of March, 1984.
We distinguish the case of Huhn v. Dixie Insurance Company, 453 So.2d 70 (Fla. 5th DCA 1984), relied upon by appellant. In Huhn, an officer stopped a car and found a drunken driver in an unfit condition. The court held that no immunity could be asserted because under those circumstances the officer had no discretion or choice but to arrest the driver rather than to ignore the situation and turn the drunken driver back on the streets. However, in the instant case, the officer had several viable choices of action which he might have undertaken. Whether the officer made the wisest or best choice, viewed by hindsight, is not subject to judicial scrutiny. Commercial Carrier v. Indian River County, 371 So.2d 1010 (Fla. 1979). More over, other courts have differed from Huhn. See Everton v. Willard, 426 So.2d 996 (Fla. 2d DCA 1983); City of Cape Coral v. Duval, 436 So.2d 136 (Fla. 2d DCA 1983).
Affirmed.
HURLEY and DELL, JJ., concur.