468 So.2d 961 (1985)
Kathy Jean DUVALL, Etc., et al., Petitioners,
v.
CITY OF CAPE CORAL, Respondent.
No. 63441.
Supreme Court of Florida.
April 4, 1985.
Wagner, Cunningham, Vaughan and McLaughlin, P.A., Tampa; Joe Unger of the Law Offices of Joe N. Unger, Miami; and Joel S. Perwin of Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadow and Olin, Miami, for petitioners.
Richard V.S. Roosa of Aloia, Dudley and Roosa, Cape Coral; and Chris W. Altenbernd of Fowler, White, Gillen, Boggs, Villareal and Banker, Tampa, for respondent.
OVERTON, Justice.
We approve the decision of the Second District Court of Appeal reported as City of Cape Coral v. Duvall, 436 So.2d 136 (Fla. 2d DCA 1983), on the authority of our decision in Everton v. Willard, 468 So.2d 936 (Fla. 1985).
It is so ordered.
BOYD, C.J., and ALDERMAN and McDONALD, JJ., concur.
EHRLICH, J., dissents with an opinion.
SHAW, J., dissents with an opinion.
EHRLICH, Justice, dissenting.
According to the facts as gleaned from the opinion of the district court, had the complaint alleged negligence only against the officers who placed the drunk driver in the cab to be taken home, I would have no difficulty in finding that action did not give rise to liability as a matter of law. The officers were fulfilling a statutorily imposed duty in a reasonable manner. See § 856.011(3), Fla. Stat. (1973). The absence of liability is not, in that narrow analysis, dependent upon sovereign immunity.
Neither does the failure of police officers to respond to the subsequent notice that the drunk had returned to his car and was preparing to drive away give rise to liability. The allocation of limited governmental resources is a strategic, planning-level decision which is shielded by sovereign immunity. See Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010, 1019-20 (Fla. 1979) (discussing with approval Wong v. City of Miami, 237 So.2d 132 (Fla. 1970)).
However, the allegation was made that the police dispatcher was negligent in confirming the erroneous address given the cab driver. No governmental planning function is carried out by a police dispatcher's verification of an address. The policy-maker has not "planned" that the verification be false. That dispatcher is part of the team which undertakes the performance of the statutorily imposed duty to prevent a known inebriate from operating his vehicle on the streets. He is under the same burden to perform that duty responsibly as is the officer on the streets. The *962 negligent breach of that duty gives rise to liability for the reasons I have heretofore expressed in dissents to Trianon Park Condominium Association v. City of Hialeah, 468 So.2d 912 (Fla. 1985) and Everton v. Willard, 468 So.2d 912 (Fla. 1985) and Everton v. Willard, 468 So.2d 936 (Fla. 1985).
I would quash the decision of the district court of appeal and reinstate the judgment of the trial court.
SHAW, Justice, dissenting.
This case poses the same legal issue as Everton v. Willard, 468 So.2d 936 (Fla. 1985). The differences in the cases are that the negligence here is particularly egregious and that this case went to a jury which found negligence on the part of the city police. Basically, the facts are that on 14 February 1975, John McNally was driving on the wrong side of the road when he forced a police car off the road in order to avoid a head-on collision. The police apprehended McNally, whose estimated blood alcohol count of .34 placed him between a stupor and a coma. McNally was not arrested or placed in custody, but was turned over to a cab company to be driven home. Through a series of errors in judgment and execution on the part of both the police and the cab company, McNally was permitted to return to his car and drive away, despite the timely efforts of onlookers to summon the police in order to reapprehend him. About four minutes after driving away McNally crashed into another car, killing two people and horribly injuring two others.
Petitioners brought suits against respondent city and defendants McNally, Adkins, and Jacks' Radio Cabs. The theory of petitioners' cases against the city was that various city police officers and employees had committed negligent acts which permitted McNally to return to his vehicle after being apprehended as an intoxicated driver and, thereafter, because of his intoxication, to negligently kill and injure third parties. The city's motion to dismiss the complaints on the basis of the "special duty" doctrine of Modlin v. City of Miami Beach, 201 So.2d 70 (Fla. 1967), was granted. During the pendency of petitioners' appeal from the dismissals, this Court issued Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010 (Fla. 1979), abrogating the Modlin doctrine. The district court accordingly reversed the dismissal of petitioners' complaints and remanded for further proceedings. Trial was had and the jury retired to consider its verdicts. Prior to the return of the jury, petitioners settled with all defendants, except the city, for their total insurance coverage of $40,000. The jury returned verdicts finding the city, McNally, and Jack's Radio Cabs to be at fault but absolving Adkins (Jack's Radio Cabs driver) of fault. The jury awarded total damages of $1,296,000.00. The city's insurer settled for the limits of its coverage, approximately $300,000.00, and withdrew from the case. After setoffs, this left a judgment for damages against the city of approximately $956,000.00. On appeal the district court reversed, holding that the city was sovereignly immune on the authority of Everton v. Willard, 426 So.2d 996 (Fla. 2d DCA 1983).
Under the provisions of subsections 768.28(5) and (10), Florida Statutes (Supp. 1974), the payment of $300,000.00 by the city's insurer is the maximum liability to which the city is subject, short of further act by the legislature. Thus, the city's appeal to the district court and the petition here are presumably motivated by the possibility that the legislature will act to direct that the city pay in whole or part the remaining damages owed to petitioners.
For the reasons set forth in my dissent to Everton v. Williard, I would hold that the city is not sovereignly immune from suit, quash the district court decision, and affirm the trial court judgment.