468 So.2d 963 (1985)
Olivia RODRIGUEZ, Etc., Petitioner,
v.
CITY OF CAPE CORAL, et al., Respondents.
No. 65623.
Supreme Court of Florida.
April 4, 1985.
*964 Sheldon J. Schlesinger, P.A., Fort Lauderdale, and Joel S. Perwin of Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadow and Olin, Miami, for petitioner.
Gerald W. Pierce of Henderson, Franklin, Starnes and Holt, Fort Myers, for respondents.
OVERTON, Justice.
This cause is before us on petition to review Rodriguez v. City of Cape Coral, 451 So.2d 513 (Fla. 2d DCA 1984), in which the district court held that neither the city nor its police officer could be held liable for the alleged wrongful death of Eddie Rodriguez who, while obviously intoxicated, was struck and killed by a motor vehicle. The petitioner, who is Rodriguez's widow, claims there is liability because the police officer failed to take the intoxicated Rodriguez into protective custody under section 396.072(1), Florida Statutes (1977). We approve the decision of the district court in the instant case on the authority of our decision in Everton v. Willard, 468 So.2d 936 (Fla. 1985).
It is so ordered.
BOYD, C.J., and ALDERMAN and McDONALD, JJ., concur.
EHRLICH, J., dissents with an opinion, in which ADKINS, J., concurs.
SHAW, J., dissents with an opinion, in which ADKINS, J., concurs.
EHRLICH, Justice, dissenting.
The legislature has determined that an intoxicated person in a public place who appears in need of help shall be rendered assistance by a peace officer by being, in effect, taken into protective custody.[1] The police officers who allegedly observed Rodriguez in his inebriated condition (and the allegations of the complaint have to be taken as true because this case was decided on a motion to dismiss) had no choice except to comply with the statute for the inebriate's own safety. In failing to carry out the legislative mandate, they were not performing a discretionary planning function. Their choice was purely and simply an administrative ministerial function, and their only choice was which of the statutory alternatives for taking the man into protective custody was to be followed.
The allegations of the complaint clearly spell out "incapacity" within the purview of the statute and the officers had no choice except to take Rodriguez into protective custody for his own safety. The choice of taking him into protective custody or not was not theirs. The legislature previously made this determination. The district court focused on the language in the second sentence of section 396.072(1), "who appears to be incapacitated," and found that that required an exercise of judgment, hence discretion was involved, thus sovereign immunity cloaked this discretional act from suit. This Court has only itself to blame for giving rise to such sophistry.
*965 There is absolutely no tort scenario in which the defendant did not have "discretion." It is the essence of tort law that an individual controls his own behavior and makes decisions affecting his interaction with others. When, in the exercise of his free will, i.e. discretion, he performs an act which is the legal, proximate cause of injury to another to whom he owed a duty of care, a cause of action arises. It is then a question for the jury whether his discretionary act violated a reasonable standard of care.
When, in Commercial Carrier Corporation v. Indian River County, 371 So.2d 1010 (Fla. 1979), this Court enunciated the planning operational dichotomy between acts which retained sovereign immunity and those for which sovereign immunity had been waived, it characterized governmental acts as discretionary. It cannot be disputed that governmental entities exercise discretion when they govern. That is not to say that every time a government employee makes a decision in the performance of his statutory duty, he has enveloped his deeds in sovereign immunity.
The majority today holds, once again that, while private citizens of this state violate statutes at their civil peril, if such statutes impose a duty to prevent a particular harm to a class of people, governmental employees, hired to protect and serve the citizens of this state and given statutory orders about how to do so, may disregard that duty with impugnity. For the reasons expressed in my dissents to Trianon Park Condominium Association v. City of Hialeah, 468 So.2d 912 (Fla. 1985) and Everton v. Willard, 468 So.2d 936 (Fla. 1985), I dissent.
I would disapprove the decision of the district court.
ADKINS, J., concurs.
SHAW, Justice, dissenting.
The district court below held that the City of Cape Coral was sovereignly immune from suit for the alleged failure of a city policeman to take an intoxicated person into custody. Except that the intoxicated person was a pedestrian who was himself killed when struck by an automobile, the case is on point with Everton v. Willard, 468 So.2d 936 (Fla. 1985), and Duvall v. City of Cape Coral, 468 So.2d 961 (Fla. 1985), where policemen were allegedly negligent in releasing intoxicated drivers.
In the instant case, section 396.072(1), Florida Statutes (1977), by its terms, appears to impose a ministerial duty on police to place intoxicated persons who appear to be incapacitated into a hospital or other treatment centers. The trial court dismissed the suit on the ground the city was sovereignly immune. The district court affirmed, reasoning that the decision as to whether someone appears to be incapacitated is a judgmental decision for which there is immunity. I disagree for the reasons set forth in my dissents to Everton and Duvall. In the posture of the case, petitioner should have been given an opportunity to prove that by taking into custody and then releasing the intoxicated person the police created a special relationship or duty which they violated.
ADKINS, J., concurs.
NOTES
[1] Section 396.072(1), Florida Statutes (1977), provides:

Any person who is intoxicated in a public place and who appears in need of help, if he consents to the proffered help, may be assisted to his home or to an appropriate treatment resource, whether public or private, by a peace officer. Any person who is intoxicated in a public place and appears to be incapacitated shall be taken by the peace officer to a hospital or other appropriate treatment resource. A person shall be deemed incapacitated when he appears to be in immediate need of emergency medical attention, or when he appears to be unable to make a rational decision about his need for care (our emphasis).