491 So.2d 1252 (1986)
STATE OF Florida, DEPARTMENT OF HIGHWAY SAFETY and MOTOR VEHICLES, Division of HIGHWAY PATROL, Appellant,
v.
Susan Ann KROPFF, Appellee.
No. 84-2617.
District Court of Appeal of Florida, Third District.
July 29, 1986.
*1253 William H. Peeples, South Miami, Richard M. Gale, Miami, for appellant.
Rossman, Baumberger & Peltz and Robert D. Peltz, Miami, for appellee.
Before HENDRY, HUBBART and DANIEL S. PEARSON, JJ.
HENDRY, Judge:
Defendant State Department of Highway Safety and Motor Vehicles, Division of Highway Patrol (state) appeals a final judgment entered on a jury verdict finding it negligent in plaintiff Susan Ann Kropff's suit for damages for injuries she sustained when she was struck by a motor vehicle.
Kropff alleged in her complaint that she was involved in a motor vehicle accident and that Trooper James Carr of the Florida Highway Patrol who arrived at the scene of the accident was negligent in failing to secure the accident scene, causing Kropff to be struck by oncoming traffic in a second accident. The state moved to dismiss on a number of procedural grounds including insufficiency of service of process, and on the ground that there was no showing of a waiver of sovereign immunity. The trial court entered an order granting the state's motion to the extent that the cause was stayed pending Kropff's service of process upon the State Department of Insurance pursuant to section 768.28, Florida Statutes (1977). Subsequently, an agreed order was entered vacating the stay order and denying the state's motion to dismiss.
At trial, testimony was offered that at approximately 11 p.m. on December 29, 1978, Kropff was driving west on Kendall Drive with her friend, Marilyn Mungovan. As Kropff was crossing the intersection of Kendall Drive and S.W. 107th Avenue, a car heading eastbound on Kendall Drive turned left and collided with her car. Kropff's car came to a stop straddling the inner and center westbound lanes of Kendall Drive. Because of damage to her car, witnesses at the scene were unable to push it off the street. The second car involved in the collision left the scene without stopping.
Kropff, Mungovan and other witnesses to the accident flagged down a Florida Highway Patrolman. Trooper James Carr parked his patrol car in the eastbound left turn lane of Kendall Drive, which was on the opposite side of the street from Kropff's vehicle. At the time they flagged the trooper down, Kropff, Mungovan and the other witnesses were standing in the median strip which separated the east and westbound lanes of the street. Kropff, Mungovan and the other witnesses walked *1254 over to the patrol car and told Trooper Carr what had happened. Trooper Carr first ascertained that there were no injuries and then inquired as to the condition of Kropff's car. The trooper advised the station of the accident.
Eyewitness Manuel Columbee testified that Trooper Carr then walked out into the street, taking Kropff, Mungovan and Columbee with him to look at the damage to the Kropff car. The trooper walked around the Kropff car, then went back to his patrol car to get a pad. He went back onto the roadway, again taking Kropff, Mungovan and Columbee with him. The trooper once again walked around the Kropff car. As Kropff was standing by her car, she was struck by a pick-up truck driven by Thomas Bohannon. Bohannon testified that as he was traveling westbound on Kendall Drive on the night of the accident, his attention was distracted by the flashing lights of a police car parked in the eastbound lane. He said that the lighting was poor and that he did not see the disabled vehicle or the people in the street until he actually got to the intersection of Kendall Drive and S.W. 107th Avenue; whereupon, he hit Kropff.
Both Mungovan and Columbee testified that at no time did Kropff ever go into the street by herself, but did so only when accompanying the trooper to assist him in his investigation.
Kropff's expert, Sergeant Lewis Pytel of the Metropolitan Dade County Public Safety Department, testified that Trooper Carr violated both generally accepted principles of accident investigation techniques, as well as the Florida Highway Patrol's own guidelines, general orders and policies. He testified that Trooper Carr was negligent in failing to place flares to warn oncoming traffic of the disabled vehicle; failing to place his vehicle in the westbound lanes of traffic in order to secure the scene from oncoming traffic; leaving his vehicle in the eastbound lane of traffic so as to create a distraction; failing to request back-up units; and in questioning Kropff and the other witnesses in the middle of the street. Captain Paul Gracey and Lieutenant Billy Lee of the Florida Highway Patrol testified that due care would have required placing flares in the lane of traffic in which the accident occurred and that people should have been convinced to move out of the roadway.
The jury returned a verdict finding the state 85% negligent and Kropff 15% negligent. It assessed damages at $690,000. Pursuant to the verdict, a final judgment was entered awarding $586,500 in damages to Kropff.
The issue on appeal is whether the state is immune from suit under the doctrine of sovereign immunity.[1]
The state first contends it is immune from suit as the state does not owe any underlying statutory or common law duty to Kropff with respect to the trooper's conduct. See Trianon Park Condominium Association, Inc. v. City of Hialeah, 468 So.2d 912 (Fla. 1985). We do not agree.
*1255 It is well settled that an action undertaken, even gratuitously, must be performed in accordance with an obligation to provide reasonable care. Banfield v. Addington, 104 Fla. 661, 140 So. 893 (1932); Kerfoot v. Waychoff, 469 So.2d 960 (Fla. 4th DCA 1985); Barfield v. Langley, 432 So.2d 748 (Fla. 2d DCA 1983); Kaufman v. A-1 Bus Lines, Inc., 416 So.2d 863 (Fla. 3d DCA 1982); Padgett v. School Board of Escambia County, 395 So.2d 584 (Fla. 1st DCA 1981); see Restatement (Second) of Torts §§ 323, 324 (1965 & App. 1985). Once Trooper Carr undertook to secure the site of the initial accident, he was required to do so with reasonable care.[2]
The state next contends that the trooper's actions in securing the scene were discretionary in nature, in which case the state is protected from suit. We reject this contention.
In the case at bar, the trooper was performing a specific procedure for the protection of the public, i.e., the securing of an accident scene. Utilizing the test laid out in Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010 (Fla. 1979), we find that Trooper Carr's actions in securing the scene were operational in nature, therefore the state is not immune from suit.
This case is distinguishable from the "failure to arrest" or "failure to place in protective custody" cases cited by the state, wherein the governmental entity was held immune from suit. Rodriguez v. City of Cape Coral, 468 So.2d 963 (Fla. 1985); Everton v. Willard, 468 So.2d 936 (Fla. 1985). In Rodriguez and Everton, a police officer made the discretionary decision to not enforce a law, i.e., to not place a person under arrest or in protective custody, whereas the instant case involves an operational level activity, i.e., the performance of a specific procedure for the protection of the public.
The distinction between the discretionary decision of a police officer to not enforce a law or to not perform an activity for the protection of the public versus the operational level activity of a police officer in performing a specific public safety activity was explained in Eder v. Department of Highway Safety and Motor Vehicles, 463 So.2d 443 (Fla. 4th DCA), review denied, 475 So.2d 694 (Fla. 1985). In Eder, the trooper observed a non-functioning traffic light at an intersection. He also noted that motorists were not treating the non-functioning light as a stop sign, as was required by statute. The trooper was faced with the decision of either directing traffic, issuing citations to motorists who failed to stop at the intersection, or continuing on patrol. He chose to issue citations and while he was doing so, an accident occurred at the intersection. The court held the state was immune from suit for the trooper's decision to issue citations. However, it said, "Had Trooper Chafey decided to direct traffic and done so in a negligent fashion, then an action for negligence would seem appropriate." Eder v. Department of Highway Safety and Motor Vehicles, 463 So.2d at 444.
A governmental entity is not immune from liability where, as in the instant case, a member of its police force fails to use reasonable care in the performance of an operational level function. See City of North Bay Village v. Braelow, 469 So.2d 869, 870 (Fla. 3d DCA 1985) (city liable for injuries sustained by plaintiff as result of officer's negligence in conducting arrest; city did not argue on appeal it was immune from suit); Walston v. Florida Highway Patrol, 429 So.2d 1322 (Fla. 5th DCA 1983) (state liable for injuries sustained by plaintiffs arising from officer's negligence in conducting police stop; state did not argue on appeal it was immune from suit); Overby *1256 v. Wille, 411 So.2d 1331 (Fla. 4th DCA) (cause of action existed against city for sheriff's negligence in allowing suicidal prisoner to commit suicide; city did not argue on appeal it was immune from suit), review denied, 419 So.2d 1196, 1201 (Fla. 1982); Sintros v. La Valle, 406 So.2d 483 (Fla. 5th DCA 1981) (police officer's negligent driving of motor vehicle during "police chase" constituted an operational level activity for which county was not immune); Weissberg v. City of Miami Beach, 383 So.2d 1158 (Fla. 3d DCA 1980) (police officer's negligent direction of traffic constituted an operational level activity for which city was not immune).[3]
Accordingly, we find that the state is not immune for the trooper's negligence in securing the scene and in causing Kropff to walk into the street. For the foregoing reasons and based upon the authorities cited, the final judgment appealed is affirmed.
Affirmed.
NOTES
[1] Appellee contends the state is precluded from raising sovereign immunity on this appeal by virtue of its acquiescence in the trial court order denying its motion to dismiss. We do not agree. Sovereign immunity relates to subject matter jurisdiction. Underwood v. Univ. of Kentucky, 390 So.2d 433 (Fla. 3d DCA 1980) (Daniel S. Pearson, J., specially concurring); Hutchins v. Mills, 363 So.2d 818 (Fla. 1st DCA 1978), cert. denied, 368 So.2d 1368 (Fla. 1979); Schmauss v. Snoll, 245 So.2d 112 (Fla. 3d DCA), cert. denied, 248 So.2d 172 (Fla. 1971). Parties may not confer subject matter jurisdiction by waiver, failure to object, or consent where none is given by law. Winn & Lovett Grocery Co. v. Luke, 156 Fla. 638, 24 So.2d 310 (1945); City of West Palm Beach v. Palm Beach County Police Benevolent Ass'n, 387 So.2d 533 (Fla. 4th DCA 1980); Wooten v. Collins, 327 So.2d 795 (Fla. 3d DCA 1976). Governmental immunity may be raised at any time. Moore v. City of St. Petersburg, 281 So.2d 549 (Fla. 2d DCA), cert. denied, 289 So.2d 730 (Fla. 1973). Appellee's contention that footnote two in Our Lady of Divine Providence Catholic Church v. City of Sweetwater, 482 So.2d 440 (Fla. 3d DCA 1986), stands for the proposition that sovereign immunity may not be considered for the first time on appeal, misinterprets such footnote. In Our Lady, this court elected merely to have the trial court consider sovereign immunity on remand, rather than have the appellate court consider the issue for the first time on appeal.
[2] Our finding is consistent with the holding of Trianon Park Condominium Ass'n v. City of Hialeah, 468 So.2d 912 at 920 (Fla. 1985), that there is no common law duty of care for exercising a discretionary police power function. The court in Trianon was careful to point out that the lack of a common law duty of care for exercising a discretionary police power function must be distinguished from those circumstances where there has always been a common law duty, such as in the operation of a motor vehicle or in the handling of a gun.
[3] We note that Trianon Park Condominium Ass'n v. City of Hialeah, 468 So.2d 912, does not require us to hold, as the state argues, that the state is immune from suit for the officer's negligence in securing the accident scene. Trianon, 468 So.2d at 923, "addresses only the narrow issue of exercising basic discretionary judgment in the enforcement of police power, public safety functions by a state, county, or municipal governmental entity" [emphasis added], whereas the instant case involves an operational level activity.