# Third District Court of Appeal

## State of Florida

Opinion filed January 25, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D22-483 & 3D22-488
Lower Tribunal No. 19-28710

_____

**Florida Department of Highway Safety and Motor Vehicles, et al.,**
Appellants,

vs.

**Odalys Fortes, etc.,**
Appellee.

Appeals from a non-final order from the Circuit Court for Miami-Dade County, William Thomas, Judge.

Geraldine Bonzon-Keenan, Miami-Dade County Attorney, and Richard Schevis, Assistant County Attorney, for appellant Miami-Dade County; Quintairos, Prieto, Wood & Boyer, P.A., and James M. Fishman, for appellant Florida Department of Highway Safety and Motor Vehicles.

Armand & Dieguez, P.A., and Arturo A. Armand and Manuel A. Dieguez; Raposo & Lukacs, PLLC, and John C. Lukacs, Jr., and Jose A. Raposo, Jr., for appellee.

Before LOGUE, SCALES and HENDON, JJ.

PER CURIAM.

Appellants Florida Department of Highway Safety and Motor Vehicles and Miami-Dade County appeal a February 21, 2022 non-final order denying appellants' motions seeking summary judgment on the issue of whether they are sovereignly immune from the wrongful death action brought by appellee Odalys Fortes, as personal representative of the Estate of Annie Becerra. The challenged order also recites the legal duty that, according to the trial court, appellants owed to Ms. Becerra.[1]

We dismiss, for lack of jurisdiction, that portion of the appeal seeking interlocutory review of the trial court's order determining the legal duty appellants owed to Ms. Becerra. See 1560-1568 Drexel Ave., LLC v. Dalton, 323 So. 3d 273, 274 (Fla. 3d DCA 2021) (recognizing that a district court's jurisdiction to review a portion of a non-final order does not extend to the portion of the same order not included in rule 9.130's schedule of reviewable non-final orders); Fla. R. App. P. 9.130(a)(3). We affirm the trial court's determination that appellants are not sovereignly immune from appellee's claims. Fla. Dep't of Highway Safety & Motor Vehicles, Div. of Highway

---

[1] According to the summary judgment order, appellants "owed a common law duty to render aid to the injured victim of an accident that they are or should be aware of when they undertake to respond to and investigate the accident."

2

Patrol v. Kropff, 491 So. 2d 1252, 1255 (Fla. 3d DCA 1986) ("A governmental entity is not immune from liability where, as in the instant case, a member of its police force fails to use reasonable care in the performance of an operational level function."); see Commercial Carrier Corp. v. Indian River Cnty., 371 So. 2d 1010, 1021 (Fla. 1979) ("Planning level functions are generally interpreted to be those requiring basic policy decisions, while operational level functions are those that implement policy.").

Affirmed in part, dismissed in part.