# Third District Court of Appeal

## State of Florida

Opinion filed September 17, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1255
Lower Tribunal No. 19-28710-CA-01
_____

**Miami-Dade County**,
Appellant,

vs.

**Odalys Fortes, etc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Lourdes Simon, Judge.

Geraldine Bonzon Keenan, Miami-Dade County Attorney and Zach Vosseler and Erica Zaron and Korissa Lepore and Bernard Pastor, Assistant County Attorneys, for appellant.

Armand & Dieguez, P.A., and Manuel A. Dieguez and Arturo A. Armand; Raposo & Lukacs and Jose A. Raposo, Jr., and John C. Lukacs, Jr., for appellee.

Before EMAS, MILLER and LOBREE, JJ.

PER CURIAM.

Affirmed.  See Citizens Prop. Ins. Corp. v. Salazar, 388 So. 3d 115, 117–18 (Fla. 3d DCA 2023) ("[T]his court reviews a denial of a motion for directed verdict de novo, viewing the evidence and all available inferences from it in the light most favorable to the verdict."); Pollock v. Fla. Dep't of Highway Patrol, 882 So. 2d 928, 935 (Fla. 2004) ("A special tort duty does arise when law enforcement officers become directly involved in circumstances which place people within a 'zone of risk' by creating or permitting dangers to exist, by taking persons into police custody, detaining them, or otherwise subjecting them to danger.  The premise underlying this theory is that a police officer's decision to assume control over a particular situation or individual or group of individuals is accompanied by a corresponding duty to exercise reasonable care." (citations omitted)); State, Dep't of Highway Safety & Motor Vehicles, Div. of Highway Patrol v. Kropff, 491 So. 2d 1252, 1255 (Fla. 3d DCA 1986) (finding "[o]nce [an officer] undertook to secure the site of the initial accident, he was required to do so with reasonable care"); Wallace v. Dean, 3 So. 3d 1035, 1052 (Fla. 2009) (concluding undertaker's doctrine was satisfied "because the deputies, in a position of authority, increased the risk of harm that the decedent faced by

2

inducing third parties—who would have otherwise rendered further aid . . .

—to forebear from doing so”).