436 So.2d 136 (1983)
CITY OF CAPE CORAL, Appellant,
v.
Kathy Jean DUVALL, a Minor, by Her Father and Next Friend, William R. Duvall, Appellees.
CITY OF CAPE CORAL, Appellant,
v.
Richard FONTAINE, As Administrator of the Estate of Donald Joseph Fontaine, a Minor, Deceased, Appellee.
CITY OF CAPE CORAL, Appellant,
v.
Camita BEDDOW, As Administratrix of the Estate of Judy Lynn Scroggins, Appellee.
CITY OF CAPE CORAL, Appellant,
v.
John Thomas TKAC and Angela Tkac, Appellees.
Nos. 81-2068 to 81-2071.
District Court of Appeal of Florida, Second District.
January 19, 1983.
Rehearing Denied February 22, 1983.
Chris W. Altenbernd of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for appellant.
Wagner, Cunningham, Vaughan & McLaughlin, P.A., Tampa, Joe Unger, Miami and Joel D. Eaton and Joel S. Perwin of Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadow & Olin, P.A., Miami, for appellees.
RYDER, Judge.
The City of Cape Coral appeals from the final judgment awarding appellees damages for personal injuries. We reverse.
This action began as four lawsuits filed concerning an automobile accident occurring February 15, 1975 in Cape Coral. The plaintiffs/appellees are personal representatives of two parties killed in the accident, Scroggins and Fontaine, Kathy Duvall Ellis and her parents, as well as John Tkac and his wife. The plaintiffs/appellees brought suit against the City of Cape Coral, John Patrick McNally, Margaret McNally, Randall Industries, Inc., William Adkins and three insurance companies. The amended complaint alleges that all the plaintiffs were occupants of a taxicab struck in the rear by an automobile operated by McNally. The complaint alleges McNally had been stopped a few hours earlier by the Cape *137 Coral Police Department. McNally was very intoxicated. The police department did not arrest McNally, but rather delivered him into the custody of Adkins, a cab driver for Jack's Radio Cabs, a subsidiary of Randall Industries. The complaint alleges that the officers negligently failed to determine the correct whereabouts of McNally's residence and the cab company failed to deliver him to his home. The cab company returned McNally to his car and gave him the keys. McNally drove away and shortly thereafter caused the accident and injuries to appellees. Following detailed proof of these allegations at trial, the jury returned a verdict finding McNally, Jack's Radio Cabs and Cape Coral to be at fault, and awarded damages.
On appeal, appellant argues that the lower court erred in giving or refusing various instructions and in failing to direct verdicts on several grounds. We hold that the court erred in failing to instruct the jury on an applicable statute, and do not discuss the other issues raised.
Section 856.011(3), Florida Statutes (1981), provides as follows:
[A]ny peace officer, in lieu of incarcerating an intoxicated person for violation of subsection (1), may take or send the intoxicated person to his home or to a public or private health facility, and the law enforcement officer may take reasonable measures to ascertain the commercial transportation used for such purposes is paid for by such person in advance. Any law enforcement officer so acting shall be considered as carrying out their official duty.
Upon appellant's request to so instruct the jury, the court ruled that the statute did not apply and refused the request. We hold that the statute could be applied to the facts below and that the lower court erred in refusing the instruction.
Additionally, during the pendancy of this appeal, this court has considered a case with nearly identical facts. In Everton v. Willard, 426 So.2d 996, (Fla. 2d DCA 1983), we held that neither a county nor deputy sheriff may be held liable for the exercise of discretion not to arrest a drinking driver, when that driver subsequently causes injury. We adopt the holding and rationale of Everton, and hold that it precludes relief for appellees below.
Accordingly, the judgments below are vacated and the cases remanded for entry of judgment for appellant.
HOBSON, A.C.J., and CAMPBELL, J., concur.