451 So.2d 513 (1984)
Olivia RODRIGUEZ, As Personal Representative of the Estate of Eddie Rodriguez, Appellant,
v.
CITY OF CAPE CORAL, Renny Wiersma and the Aetna Casualty & Surety Company, Appellees.
No. 83-1068.
District Court of Appeal of Florida, Second District.
May 4, 1984.
Rehearing Denied June 19, 1984.
*514 Joel S. Perwin of Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadow & Olin, P.A., Miami, and Sheldon J. Schlesinger, P.A., Fort Lauderdale, for appellant.
Gerald W. Pierce of Henderson, Franklin, Starnes & Holt, Fort Myers, for appellees.
HOBSON, Judge.
Plaintiff/appellant appeals a final summary judgment entered in favor of municipal defendants/appellees. We affirm.
This action commenced on January 4, 1980, when the appellant, as personal representative of the estate of Eddie Rodriguez, filed a lawsuit charging the City of Cape Coral and three of its police officers, among other defendants, with the wrongful death of Eddie Rodriguez. After a series of amended complaints, the appellant filed a fourth amended complaint. The amended complaint alleges, inter alia, that in the early morning hours of October 15, 1978, the decedent, obviously intoxicated, was walking east on the Cape Coral Parkway towards the Cape Coral Bridge in Cape Coral. At that time he was observed by several officers of the Cape Coral Police Department, one of whom was Renny Wiersma, appellee.
The amended complaint further alleges that at that time "Rodriguez had a blood alcohol of approximately .216% and was staggering in his motions, rocking back and forth, had a strong smell of alcohol on his person, and talked with extremely slurred words, having consumed a quart of rum that evening" and that the decedent's intoxicated condition was or should have been known to each of the three officers. The officers engaged in conversation with Rodriguez after which they requested a third party, who was at that location, to have Rodriguez transported over the Cape Coral Bridge.
The amended complaint goes on to allege that, because Rodriguez was obviously intoxicated and as such incapacitated and in need of medical assistance, the officers were negligent in failing to take him into protective custody. As evidence of such negligence, the amended complaint alleges that the officers were required under section 396.072, Florida Statutes (1977), to take the decedent into protective custody, the failure of which was the proximate cause of Rodriguez's death when an automobile struck him as he attempted to cross the Cape Coral Parkway. The amended complaint also alleges that the City of Cape Coral was negligent in failing to train police officers in a manner which complies with section 396.072.
In response, the municipal defendants filed a motion for summary judgment on three grounds: 1) that there was no evidence showing that Rodriguez was obviously intoxicated on the morning of October 15, 1978, and thus was not incapacitated within the terms of section 396.072; 2) that the city's conduct was not a proximate cause of Rodriguez's death; and 3) that the plaintiff had produced no evidence that the city was negligent in failing to train its officers. The trial court granted the summary judgment regarding two of the police officers who had been at the scene, but denied the motion regarding both the City of Cape Coral and Renny Wiersma, the officer who had made the decision not to take Rodriguez for treatment.
Thereafter, this court decided Everton v. Willard, 426 So.2d 996 (Fla. 2d DCA 1983), and City of Cape Coral v. Duvall, 436 So.2d 136 (Fla. 2d DCA 1983), and the municipal defendants filed another motion for summary judgment asserting that the decision not to take Rodriguez into protective *515 custody was a discretionary decision and that the municipal defendants, therefore, were protected by the sovereign immunity doctrine of Everton and Duvall. The defendants' motion for summary judgment also alleged that there was no duty on the part of Renny Weirsma to take Rodriguez into protective custody or to take him to the hospital under the facts of the case.
Apparently agreeing, the trial court entered a final summary judgment for the remaining municipal defendants.
Among other issues raised in this appeal, appellant argues that the trial court erred in entering final summary judgment for the remaining municipal defendants because, unlike Everton, which addresses sovereign immunity protection arising from a deputy sheriff's discretionary decision as to whether to arrest a drinking driver, this case involves the city's negligence in failing to perform a nondiscretionary, ministerial function required by section 396.072(1), Florida Statutes (1977). With this assertion, we disagree.
In Everton, Azor Everton, a passenger in a car driven by Renee Trinko, was seriously injured and Trinko was killed in a two-car collision. Marion Willard, who drove the second vehicle, was stopped several minutes before the accident by a sheriff's deputy. The deputy issued a citation for a traffic violation and, while doing so, observed that Willard had been drinking, a fact Willard himself admitted. The deputy did not charge Willard with a driving offense related to intoxication, and Willard drove away. Appellants alleged that the deputy sheriff violated a duty he owed to them and to the public in general by not detaining or arresting Willard for intoxication and that this violation resulted in the subsequent collision causing Trinko's death and Everton's injuries. The trial court, in granting appellees' motion to dismiss, explained that "the law enforcement officer must be allowed the freedom to exercise his discretion, a discretion to enforce which lies at the very heart of the policy of law enforcement, without being subject to suit in tort if his decision in retrospect results in misfortune to innocent third parties." 426 So.2d at 998.
On appeal, this court affirmed the trial court in a detailed and thorough opinion, holding that neither a county nor deputy sheriff may be held liable for the exercise of discretion not to arrest a driver who has been drinking, when that driver subsequently causes injury. Notwithstanding two noteworthy distinctions between Everton and this case, 1) that the person against whom the officer exercised his discretion was not the subsequent accident victim, and 2) that the discretionary decision in Everton was whether to arrest a driver who had been drinking, we adopt Everton's rationale and holding to the facts of this case.
This is not the first time the Everton reasoning and holding has been adopted by this court. In City of Cape Coral v. Duvall, four parties filed lawsuits against the city, Margaret McNally, Randall Industries, Inc., William Adkins and three insurance companies, seeking damages for personal injuries and wrongful death arising out of an automobile accident. The amended complaint alleged that all the plaintiffs were occupants of a taxicab struck by an automobile operated by McNally. McNally had been stopped several hours earlier by the city police department. The complaint further alleged that McNally was intoxicated, but the police department did not arrest McNally. Rather, he was delivered into the custody of Adkins, a cab driver for Jack's Radio Cabs, a subsidiary of Randall Industries. The complaint alleged that the officers negligently failed to determine the correct whereabouts of McNally's residence and the cab company failed to deliver him to his home. McNally was returned to his car by the cab company, after which McNally drove away and subsequently caused the accident and injuries to appellees. Following trial, the jury returned a verdict against McNally, Jack's Radio Cabs and the City of Cape Coral, and awarded damages. Subsequently, the city appealed *516 alleging, inter alia, that the trial court erred in refusing various jury instructions.
On appeal, this court held that the trial court erred in failing to instruct the jury on an applicable statute. However, rather than reversing and remanding the cause for a new trial on that basis, the judgments below awarding appellees damages for personal injuries were vacated based on the rationale and holding of the then recently decided case of Everton v. Willard. Everton and Duvall serve as the basis for our decision in this case.
Section 396.072(1), Florida Statutes (1977), provides in pertinent part:
Any person who is intoxicated in a public place and appears to be incapacitated shall be taken by the peace officer to a hospital or other appropriate treatment resource. A person shall be deemed incapacitated when he appears to be in immediate need of emergency medical attention or when he appears to be unable to make a rational decision about his need for care.
(Emphasis added.) Thus, pursuant to the language of the statute, it is when a person "appears" to be incapacitated that the duty of a police officer arises. The determination of whether a person appears to be incapacitated is an officer's judgmental decision which is limited by time, lighting conditions, communications and other circumstances. Thus, in this case, after Officer Weirsma observed and conversed with the decedent, he determined that the decedent was not incapacitated and did not take him into protective custody. Such a determination was within Officer Weirsma's discretion.
We, therefore, hold that neither a city nor a city police officer may be held liable for the exercise of his discretion in not taking an intoxicated person into protective custody under section 396.072(1), Florida Statutes (1977).
AFFIRMED.
OTT, C.J., and SCHEB, J., concur.