PETROCINIO HERNANDEZ, Adm'r. of the Estate of Jesus Hernandez, Deceased, Plaintiff-Appellant, v. THE VILLAGE OF CICERO *et al.*, Defendants-Appellees.

First District (5th Division)   No. 85—3446

Opinion filed December 30, 1986.—Rehearing denied January 30, 1987.

Ambrose & Cushing, P.C., of Chicago (Christian A. Carini, of counsel), for appellant.

Hugh R. McCombs, Jr., and Bettina Getz, both of Isham, Lincoln & Beale, of Chicago, for appellees.

JUSTICE MURRAY delivered the opinion of the court:

Plaintiff, Petrocinio Hernandez, administrator of the estate of Jesus Hernandez, deceased, appeals from an order of the circuit court of Cook County granting summary judgment to defendant village of Cicero and its police officers, T. Serwat and H. Suski, in a wrongful-death action based upon the court's determination that defendants owed no legal duty to decedent, who killed himself while intoxicated in a one-car automobile accident. For the reasons set forth below, we affirm.

The record discloses that on March 3, 1984, plaintiff's decedent was stopped and ticketed twice and allowed to continue on his way. Cicero police officers H. Suski and T. Serwat individually stopped decedent at 9:05 p.m. and 9:15 p.m. respectively, for travelling 46 and 45 miles per hour in a 25 miles-per-hour zone. At approximately 9:30 p.m., decedent killed himself when his car collided with a traffic-light abutment. A later toxicology report from the hospital to which decedent was taken revealed that the alcohol in decedent's blood was above the legal limit for operation of a motor vehicle.

Plaintiff subsequently filed a wrongful-death action against

defendants alleging that defendants' "acts or omissions" constituted both ordinary and wilful and wanton negligence. Counts I through IV of plaintiff's initial complaint against the defendants to this appeal were dismissed without prejudice pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—615), and the same counts of a later amended complaint were dismissed with prejudice pursuant to defendants' motion for summary judgment (Ill. Rev. Stat. 1985, ch. 110, par. 2—1005). At the hearing on the motion for summary judgment, the trial court specifically found that plaintiff's assertions—that decedent was in custody at the time he received the speeding tickets, defendants knew decedent was drunk, and that defendants failed to "operate" under certain undefined guidelines—were legal conclusions and, thus, insufficient to state a cause of action.

On appeal, plaintiff contends that the traffic stops of decedent by the police officers constituted his being "taken into custody" by them and, accordingly, a legal duty arose which was breached when the officers allegedly negligently released him while in his intoxicated condition. Plaintiff also argues that "the blanket protection provided by the Illinois Tort Immunity statute must be altered to reflect the glaring discrepancy between the State's ministerial functions and discretionary decisions."

■■ ■ In an action based on negligence, the plaintiff must establish the existence of a duty of care owed by the defendant to the plaintiff, a breach of that duty, and an injury proximately resulting from that breach. (*Eddings v. Dundee Township Highway Commissioner* (1985), 135 Ill. App. 3d 190, 478 N.E.2d 888.) Questions of whether a duty has been breached and whether the plaintiff's injury proximately resulted from that breach are questions of fact for the trier of fact, whereas the existence of a duty is a question of law properly addressed by the court on a motion for summary judgment. (*Horrell v. City of Chicago* (1986), 145 Ill. App. 3d 428, 495 N.E.2d 1259.) Absent a legal duty, there can be no recovery in negligence as a matter of law, and summary judgment in favor of the defendant is proper. *Keller v. Mols* (1984), 129 Ill. App. 3d 208, 427 N.E.2d 161.

■■ It is well established that a municipality and its employees are not liable for failure to supply general police or fire protection, but liability has been found where the municipality owes a "special duty" to a particular individual. (*Marshall v. Ellison* (1985), 132 Ill. App. 3d 732, 477 N.E.2d 830.) In determining whether a special duty is owed, the following requirements must be met: "(1) the municipality must be uniquely aware of the particular danger or risk to which plaintiff is

exposed; (2) there must be allegations of specific acts or omissions on the part of the municipality; (3) the specific acts or omissions must be either affirmative or wilful in nature; and (4) *the injury must occur while the plaintiff is under the direct and immediate control of employees or agents of the municipality.* (109 Ill. App. 3d 400, 407, 440 N.E.2d 942, 947.)" (Emphasis added.) 132 Ill. App. 3d 732, 737, 477 N.E.2d 830.

▮ Here, the basis of plaintiff's argument is that decedent was in the custody of defendants by virtue of the traffic stops because he was deprived of his "freedom of action." Accordingly, plaintiff contends defendants owed decedent a duty to protect him from himself when it was apparent "that decedent was not operating his vehicle properly 'within the rules of the road.' "

In support of her "in custody" argument, plaintiff relies on *People v. Keller* (1984), 128 Ill. App. 3d 325, 470 N.E.2d 1200 (the issuance of a traffic ticket is a convincing way in which the fact of arrest may be established) and *People v. Adams* (1984), 128 Ill. App. 3d 725, 471 N.E.2d 575 (a defendant's argument that to effect an arrest there must be an issuance of a valid traffic ticket was without merit). Both cases, however, are factually inapposite to the case before us; the defendants in each case were issued traffic citations for "driving under the influence" and taken to police stations where they refused to take a "breath test." The issue in each case was whether the traffic tickets were sufficient evidence to prove an arrest for purposes of an implied-consent hearing, even though they were technically deficient. In the instant case, however, decedent was issued speeding citations, was not taken to a police station, and no issue is raised concerning the validity of the tickets.

Moreover, plaintiff's argument that decedent was "in custody," as defined by *Miranda v. Arizona* (1966), 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602, *i.e.*, he was deprived of his "freedom of action," is unpersuasive in light of *Berkemer v. McCarty* (1984), 468 U.S. 420, 82 L. Ed. 2d 317, 104 S. Ct. 3138. In *Berkemer*, a police officer saw the respondent's car weaving in and out of a highway lane, he stopped him and asked him to get out of the car and, after giving him a field sobriety test, he issued the defendant a citation for operating a motor vehicle while under the influence of alcohol and/or other drugs, formally arrested him and took him to the police station. The court, in holding that the initial stop of respondent's car, by itself, did not render him "in custody" for the purposes of *Miranda*, noted that although a traffic stop curtails the "freedom of action" of a detained motorist, it is usually brief and the motorist expects that, while he

may be given a citation, in the end he most likely will be allowed to continue on his way. Such a stop, therefore, in the absence of proof that the respondent was subjected to restraints comparable to those associated with a formal arrest during the initial stop and his subsequent arrest, did not require that *Miranda* warnings be given to the respondent. Here, in light of the fact that decedent was only momentarily stopped at 9:05 and 9:15 p.m. and allowed to continue on his way, his freedom of action could only have been curtailed for minutes and, absent any indication that he was subjected to restraints associated with a formal arrest, he cannot be deemed to have been "in custody" under the *Berkemer* rule.

Similarly, plaintiff's reliance on *Dezort v. Village of Hinsdale* (1976), 35 Ill. App. 3d 703, 342 N.E.2d 468, and *Brown v. Decatur Memorial Hospital* (1979), 74 Ill. App. 3d 436, 393 N.E.2d 84, is misplaced. Plaintiff relies on these cases for the proposition that where a complaining plaintiff is intoxicated and suffers injury while in an entity's care or custody, the entity is liable to the plaintiff. Not only are both cases factually distinguishable from the present case, but plaintiff has misinterpreted the rule in *Dezort* and misstated as law that which is *dicta* in *Brown.* In *Dezort,* the plaintiff's decedent committed suicide while confined in the municipality's jail. In *Brown,* police took an intoxicated plaintiff to a hospital where he subsequently found some matches, set his bed on fire, and seriously injured himself. Here, no such incarceration or confinement of decedent by defendants occurred. As previously stated, decedent was simply momentarily stopped for speeding and allowed to continue on his way.

■■ Secondly, plaintiff inaccurately states that the *Dezort* court established, as "summarized" in *Brown,* a three-factor "test" to determine an entity's liability to an intoxicated individual, *i.e.,* that "where (1) an individual is placed in the care or custody of an entity such as police *** , (2) that person is incapable of exercising care because of voluntary intoxication, and (3) those in charge of the entity know of the person's incapacity, recovery may be obtained on behalf of the individual for injury proximately caused by the negligence of those having care or custody." However, neither *Dezort* nor *Brown* established such a test. Instead, the *Dezort* court held that duty is to be defined by the standard that the entity is required to exercise ordinary and reasonable care for the preservation of its prisoner's health and life under the circumstances of the particular case and determination of the question of duty requires a weighing of such factors as foreseeability of the occurrence, the likelihood of injury, the magnitude of the burden of guarding against injury, and the consequences

of placing the burden upon the defendant. Additionally, the "summary" of the alleged *Dezort* test in *Brown* appears in a concurring opinion, it was discussed in relation to the issue of whether a jury instruction concerning ordinary care was proper, and stemmed from the concurring justice's personal observations; it therefore has no precedential value.

Finally, even if we were to apply the misstated test of *Dezort/Brown* to the instant case, custody of decedent would still be a prerequisite to a finding that defendants were liable to decedent. We therefore see no conflict, as plaintiff argues, between the alleged *Dezort/Brown* test and the fourth "in custody" requirement of the *Marshall* test, discussed above as an element necessary for a determination that a municipality owes a special duty to an individual.

■ Plaintiff's last argument on this issue is that *Marshall v. Ellison* (1985), 132 Ill. App. 3d 732, 477 N.E.2d 830, is inapposite to the present case. In *Marshall*, the plaintiff, while in an intoxicated condition, was struck by a truck and seriously injured shortly after a police officer had stopped his car when he saw the plaintiff walking on the curb of a roadway, told the plaintiff to get off the roadway, and drove away. The *Marshall* court held that the defendants owed no special duty to the plaintiff because the plaintiff was not in the presence of the defendants at the time of his accident.

In the instant case, plaintiff argues that *Marshall* is inapplicable because, unlike the decedent here, "the plaintiff in *Marshall* was never cited for any violation of a law and clearly was never in the custody of the municipality." We find no merit in this argument. *Marshall* is, as defendants contend, directly on point with the present case. Both decedent and the *Marshall* plaintiff were admittedly drunk, both were stopped by police prior to their accidents, and both accidents occurred outside the officers' presence and resulted from their intoxication. See also *Galuszynski v. City of Chicago* (1985), 131 Ill. App. 3d 505, 475 N.E.2d 960; *Long v. Soderquist* (1984), 126 Ill. App. 3d 1059, 467 N.E.2d 1153; *Marvin v. Chicago Transit Authority* (1983), 113 Ill. App. 3d 172, 446 N.E.2d 1183.

■ In light of *Marshall* and pursuant to *Berkemer v. McCarty* (1984), 468 U.S. 420, 82 L. Ed. 2d 317, 104 S. Ct. 3138, we therefore hold that no special duty was owed by defendants to plaintiff's decedent; decedent was not under the direct and immediate control of defendants or in their custody at the time he killed himself. Accordingly, summary judgment was properly granted to defendants.

Based on the above disposition, we need not address plaintiff's argument concerning alteration of the Local Governmental and Govern-

mental Employees Tort Immunity Act (Ill. Rev. Stat. 1985, ch. 85, par. 1—101 *et seq.*), but we briefly comment that any change in the statute should be addressed by the legislature rather than the judiciary.

The judgment of the circuit court of Cook County granting summary judgment to defendants is, therefore, affirmed.

*Affirmed.*

SULLIVAN, P.J., and PINCHAM, J., concur.