**Thomas BUSBY, Appellant,**

v.

**MUNICIPALITY OF ANCHORAGE, Municipality of Anchorage Police Department, and Officer Mary Lou Foster, jointly and severally, Appellees.**

**No. S–1580.**

Supreme Court of Alaska.

Aug. 21, 1987.

---

Michael W. Flanigan, William Soule, Clark, Walther & Flanigan, Anchorage, for appellant.

James M. Bendell, James M. Bendell & Associates, Anchorage, for appellees.

Before RABINOWITZ, C.J., BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

BURKE, Justice.

This is an appeal from a summary judgment in favor of the Municipality of Anchorage (Municipality)[1] in which we are asked to determine whether AS 47.37.170 [2]

---

1. Because it does not appear that Officer Foster has been sued in her individual capacity but only as a municipal police officer, the discussion which follows applies equally to all named appellees.

2. AS 47.37.170 provides in part:

(b) A person who appears to be incapacitated by alcohol in a public place shall be taken into protective custody by a peace officer or a member of the emergency service patrol and immediately brought to an approved public treatment facility, an approved private treatment facility, or another appropriate health facility or service for emergency medical treatment. If no treatment facility or emergency medical service is available, a person who appears to be incapacitated by alcohol in a public place shall be taken to a state or municipal detention facility in the area, if that appears necessary for the protection of the person's health or safety.

. . . .

(e) A person who is not admitted to an approved public treatment facility, is not re-

imposes upon a municipality an actionable duty to take persons incapacitated by alcohol in a public place into protective custody. We determine that it does and thus reverse the judgment of the trial court and remand for further proceedings.

## I

On May 1, 1980, Thomas Busby was walking about two feet into the traffic lane on East Fifth Avenue in Anchorage.[3] Officer Foster was on patrol and spotted Busby, stopped him, moved him off to the side of the road, talked with him and determined that Busby was intoxicated. Officer Foster then ran a warrant check on Busby but did not place him into protective custody. Apparently finding no outstanding warrants, Officer Foster then reentered her vehicle and proceeded on her way. Shortly after Officer Foster left, Busby was struck by a car and suffered injuries as a result.

In his suit against the Municipality, Busby alleged that the Municipality was negligent and/or reckless in failing to take him into protective custody and that the Municipality's omission was the direct and proximate cause of his injuries. After hearing was held on Busby's and the Municipality's cross-motions for summary judgment, the trial court determined that the Municipality owed Busby no affirmative duty to take him into protective custody and that, therefore, the Municipality could not have been negligent in failing to do so. Accordingly, the trial court granted summary judgment in favor of the Municipality. This appeal followed.

## II

In the recent case of *City of Kotzebue v. McLean*, 702 P.2d 1309 (Alaska 1985), we unequivocally reaffirmed our rejection of the so-called "public duty doctrine" as an unnecessary and unjustified expansion of the state's statutorily limited immunity. *Id.* at 1311–12; *see also Adams v. State*, 555 P.2d 235, 241–43 (Alaska 1976). In place of that doctrine, we indicated that the liability of a municipality for the negligent acts and omissions of its representatives will be governed by traditional tort principles. As we stated in *McLean*:

In practice, the public duty doctrine is an injunction against imposing liability on a government without first deciding what the government's duty is. While the public duty doctrine does protect the state from becoming the insurer of all private activity and from undue interference with its ability to govern, we believe that these concerns are better addressed by the tort concept of duty, which limits the class of people which may seek to hold the state responsible for negligent action, and by AS 09.50.250.

702 P.2d at 1313 (citation and footnote omitted). Thus, our determination here must be made with recourse to the principles embodied by the tort concept of duty.

As we have noted, " '[d]uty' is not sacrosanct in itself but [is] only an expression of the sum total of those considerations of policy which lead the law to say that the particular plaintiff is entitled to protection." *Id.* (quoting W. Prosser, *Handbook of the Law of Torts* § 53, at 325 (4th ed. 1971)). Thus stated, the process of finding that a defendant owes a duty to a

---

ferred to another health facility, and has no funds, may be taken to the person's home, if any. If the person has no home, the approved public treatment facility shall assist the person in obtaining shelter.

. . . .

(g) Peace officers or members of the emergency service patrol who comply with this section are acting in the course of their official duty and are not criminally or civilly liable for it.

. . . .

(j) For purposes of (b) of this section, "incapacitated by alcohol" means a person who, as the result of consumption of alcohol, is ren-

dered unconscious or has judgment or physical mobility so impaired that the person cannot readily recognize or escape conditions of apparent or imminent danger to personal health or safety. The definition in AS 47.37.-270(8) applies to other portions of this chapter.

**3.** Because this appeal comes to us on summary judgment, our obligation is to draw all inferences of fact in favor of appellant Busby and against appellee Municipality. *See, e.g., Alaska Rent-a-Car v. Ford Motor Co.*, 526 P.2d 1136, 1139 (Alaska 1974).

plaintiff is one which involves a fine balancing of conflicting policies; it is in essence an attempt to determine whether it would be fair and equitable to require an individual to act, or to refrain from acting, in a specified manner so as to avoid undue risk of harm to third persons. *See generally* W. Keeton, D. Dobbs, R. Keeton, and G. Owen, *The Law of Torts* § 53, at 356–58 (5th ed. 1984) (hereinafter *Prosser*). Recognizing the difficulty of this task, we have delineated a number of factors which should be considered to provide greater predictability in the decision-making process. These factors include the foreseeability of harm to the plaintiff; the degree of certainty that the plaintiff suffered injury; the closeness of the connection between the defendant's conduct and the injury suffered; the moral blame attached to the defendant's conduct; the policy of preventing future harm; the extent of the burden to the defendant and consequences to the community in imposing a duty to exercise care with resulting liability for breach; and the availability, cost, and prevalence of insurance for the risk involved. *McLean*, 702 P.2d at 1314 (quoting *D.S.W. v. Fairbanks North Star Borough School District*, 628 P.2d 554, 555 (Alaska 1981)).

■ These independent considerations, however, may sometimes be superseded by the legislature. For example, where the legislature has considered and resolved conflicting policies by clearly enunciating a duty in a statute, the relevant statute should be considered and, in a proper case, adopted as the appropriate standard of care. *See Metcalf v. Wilbur, Inc.*, 645 P.2d 163, 167–68 (Alaska 1982); *Bachner v.*

*Rich*, 554 P.2d 430, 440–42 (Alaska 1976); *Breitkreutz v. Baker*, 514 P.2d 17, 20–21 (Alaska 1973); *Ferrell v. Baxter*, 484 P.2d 250, 263–65 (Alaska 1971); *see generally Prosser, supra* p. 6, § 36, at 220–29; Restatement (Second) of Torts § 285 (1965) (hereinafter Restatement). A statute enunciates the appropriate duty when it is found that (1) the plaintiff is within the class protected by the statute, (2) the harm/injury which occurred was of the type which the statute was intended to protect against, (3) the statute prescribes specific conduct rather than merely a general or abstract duty of care, (4) the defendant was a party charged with observing the statute, (5) the defendant can be fairly charged with being aware of the applicability of the statute, and (6) the statute is not so outdated or arbitrary as to make inequitable the statute's adoption as the standard of care. *E.g., State Mechanical v. Liquid Air*, 665 P.2d 15, 18–19 (Alaska 1983); *Grothe v. Olafson*, 659 P.2d 602, 607 (Alaska 1983); *see also* Restatement § 286.[4]

■ Busby argues that AS 47.37.-170(b) articulates the appropriate duty in this case. We agree. As the statute explicitly states, and as the trial court itself noted, AS 47.37.170(b)[5] is intended to benefit and protect the health and well being of persons who are incapacitated by alcohol and imposes a mandatory duty upon law enforcement personnel to place such persons into protective custody. *Cf. Peter v. State*, 531 P.2d 1263, 1268 (Alaska 1975) (quoting House Concurrent Resolution No. 36 (1969) on treatment of problem drinkers and alcoholics); AS 47.37.010.[6] In addition, accepting as true Busby's assertions[7] that

---

**4.** Section 286 of the Restatement (Second) of Torts (1965) provides:

> The court may adopt as the standard of conduct of a reasonable man the requirements of a legislative enactment or an administrative regulation whose purpose is found to be exclusively or in part
> (a) to protect a class of persons which includes the one whose interest is invaded, and
> (b) to protect the particular interest which is invaded, and
> (c) to protect that interest against the kind of harm which has resulted, and
> (d) to protect that interest against the particular hazard from which the harm results.

**5.** *See supra* note 2.

**6.** AS 47.37.010 provides:

> It is the policy of the state that alcoholics and intoxicated persons should not be criminally prosecuted for their consumption of alcoholic beverages and that they should be afforded a continuum of treatment so they may lead normal lives as productive members of society.

**7.** *See supra* note 3.

he was a person incapacitated by alcohol in a public place, he was clearly a member of the protected class and his accident was of the type against which the statute was designed to protect. Finally, it cannot be doubted that the statute prescribes specific conduct rather than merely states some general or abstract duty of care; Officer Foster was within that class of persons charged with observing the statute; as a municipal police officer, she can fairly be charged with awareness that the statute applied; and the statute can hardly be considered so outdated or arbitrary as to make inequitable its application as the appropriate standard of care.

■ The Municipality cites a number of cases which, it argues, mandate a different conclusion. Only two, however, require discussion. In *Stout v. City of Porterville*, 148 Cal.App.3d 937, 196 Cal.Rptr. 301 (1983), a California court refused to find that California Penal Code § 647(ff) set out an appropriate legislative standard of care in circumstances similar to those at issue here. *Id.* 196 Cal.Rptr. at 306–08. The statute in *Stout*, however, provided that an intoxicated person could only be taken to a voluntarily maintained public treatment facility. *Id.* The California court was therefore concerned that imposing a mandatory duty would cause counties participating in the voluntary treatment program to withdraw their support and thus cause the treatment program to collapse. *Id.* We have no similar concern in the present action.[8] In addition, Penal Code § 647, unlike AS 47.37.170(b), was not intended to minimize the dangers faced by the inebriate, but simply to end the "revolving door" policy of jail and street, street and jail. *Id.* We thus decline to adopt *Stout*'s analysis.

*Marshall v. Ellison*, 132 Ill.App.3d 732, 87 Ill.Dec. 704, 477 N.E.2d 830 (1985), also involves an analogous factual situation and statute.[9] Nevertheless, this case is also

unpersuasive for at least two reasons. First, the court in *Marshall* apparently refused to find that the relevant statute imposed upon the state any mandatory duty on the basis of the state's sovereign immunity. *Id.* at 835. Relying upon *Rodriguez v. City of Cape Coral*, 451 So.2d 513 (Fla. App.1984), *affirmed*, 468 So.2d 963 (Fla. 1985), the *Marshall* court stated:

> Like the Florida statute [in *Rodriguez*], section 15(b) requires an officer to exercise his professional judgment in determining whether an individual appears to be incapacitated. We do not believe the public interest would be served by allowing a jury of laymen with the benefit of 20/20 hindsight to second-guess a policeman's decision.

87 Ill.Dec. at 709, 477 N.E.2d at 835. Second, we find the *Marshall* court's statutory analysis questionable. Despite the unambiguous mandatory language in the Illinois statute and without citation to legislative history or any other authority, the court simply concluded that the legislature did not intend to create a cause of action under the statute for failure to take a person into protective custody. *Id.* Whatever the merits of the *Marshall* court's conclusion with respect to interpretation of the Illinois statute, we decline to apply its reasoning here.

We conclude then that AS 47.37.170(b) articulates an appropriate standard of care and thus hold that the Municipality has an affirmative duty to take persons incapacitated by alcohol in a public place into protective custody and transport them to an appropriate treatment facility.[10]

### III

Busby's cross-motion and appeal seeking summary judgment in his favor are without merit. For the reasons discussed above, we REVERSE the judgment of the

---

8. *See* AS 47.37.170(b), (c), *supra* note 2.

9. *See* Ill.Ann.Stat. ch. 111½, ¶ 6315(b) (Smith-Hurd Supp.1986).

10. Our decision today is expressly limited to a discussion of duty. Because the trial court's judgment was based solely upon this issue, we

need not, and do not, consider any question regarding alleged breach and express no opinion as to the factual merits of Busby's claim. Similarly, we express no opinion regarding any claims of municipal immunity under AS 09.65.-070.

trial court and REMAND for further proceedings consistent with this opinion.