NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| ANNE P. MULLIGAN, ) | |
| ) | Supreme Court No. S-17635 |
| Appellant, ) | |
| ) | Superior Court No. 3AN-19-08157 CI |
| v. ) | |
| ) | MEMORANDUM OPINION |
| MUNICIPALITY OF ANCHORAGE, ) | AND JUDGMENT[*] |
| ANCHORAGE POLICE DEPARTMENT,) | |
| ) | No. 1850 – September 15, 2021 |
| Appellee. ) | |
| ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Peter R. Ramgren, Judge.

Appearances: Anne P. Mulligan, pro se, Anchorage, Appellant. Ruth Botstein, Assistant Municipal Attorney, and Kathryn R. Vogel, Municipal Attorney, Anchorage, for Appellee.

Before: Bolger, Chief Justice, Winfree, Maassen, and Borghesan, Justices. [Carney, Justice, not participating.]

## I.    INTRODUCTION

A self-represented litigant filed an action alleging excessive force and false arrest against the Municipality of Anchorage, and the Anchorage Police Department (APD). The Municipality moved to dismiss the complaint, and the superior court dismissed it without prejudice. We reverse and remand.

---

[*]    Entered under Alaska Appellate Rule 214.

## II.    FACTS AND PROCEEDINGS

Anne P. Mulligan filed a superior court complaint alleging that in the course of executing a warrant for her arrest, four APD Officers "illegally arrested Anne Mulligan, by excessive force, on 07/18/2018 at Bean's Café." She did not explain how her arrest was illegal or how the force used was excessive. She also alleged that after being released on bond, she was taken to a hospital emergency room "to have her re-injured injuries checked out."

The Municipality moved to dismiss Mulligan's complaint under Alaska Civil Rule 12(b)(6) for failure to state a claim, arguing that APD could not be held liable unless the complaint alleged that the excessive force was "a result of a policy or custom of APD." Mulligan opposed the motion to dismiss, but did not address the Municipality's argument, instead arguing that the Municipality's counsel failed to properly respond. The superior court granted the Municipality's motion and dismissed without prejudice. It ruled that Mulligan failed to state a claim for relief because her allegations were not sufficiently detailed to support a claim for excessive force, false arrest, or other grounds.

Mulligan appeals.[1]

## III.    DISCUSSION

### A.    Mulligan's Procedural Arguments Are Unavailing.

Mulligan argues the superior court erred by ruling on the motion to dismiss even though she had not effected proper service on the Municipality. Mulligan mailed her complaint and a summons to the Municipality, but the superior court found that she

---

[1]    Mulligan argues for the first time in her appeal brief that she was "framed" by a conspiracy of police officers, security officers, and hospital employees, and that the superior court erred in denying her motion for reconsideration. "A party may not raise an issue for the first time on appeal." *Brandon v. Corr. Corp. of Am.*, 28 P.3d 269, 280 (Alaska 2001). Mulligan waived these arguments by failing to raise them in the superior court.

did not comply with the legal requirements for service by mail.[2]  The court gave Mulligan a deadline for completing proper service, and it stated that her complaint would be dismissed if she did not meet the deadline.  The Municipality then filed its motion to dismiss Mulligan's claims, effectively waiving proper service.[3]  Because the Municipality accepted service of Mulligan's complaint the court's order for completing proper service became moot, and nothing precluded the court from ruling on the Municipality's motion to dismiss.

**B.    It Was Error To Dismiss Mulligan's Complaint In Its Entirety.**

Under Rule 12(b)(6), a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted."  "We review a Rule 12(b)(6) dismissal de novo, deeming all facts in the complaint true and provable."[4]  "Because complaints must be liberally construed, a motion to dismiss under Rule 12(b)(6) is viewed with disfavor and should rarely be granted. "[5]  "For a complaint to survive a Rule 12(b)(6) motion, the complaint need only allege a set of facts 'consistent with and appropriate to some enforceable cause of action.' "[6]  "Thus, '[a] complaint should not be

---

[2]    *See* Alaska R. Civ. P. 4(d)(9) (setting out requirements for service on a borough or town); Alaska R. Civ. P. 4(h) (setting out requirements for service by mail).

[3]    Alaska R. Civ. P. 81(c)(1) ("An attorney who files a pleading or appears in a court proceeding on behalf of a party shall be deemed to have entered an appearance for all purposes in that case unless the attorney has filed and served a limited entry of appearance under (d) of this rule.").

[4]    *Guerrero v. Alaska Hous. Fin. Corp.*, 6 P.3d 250, 253 (Alaska 2000) (footnote omitted).

[5]    *Id.*

[6]    *Odom v. Fairbanks Mem'l Hosp.*, 999 P.2d 123, 128 (Alaska 2000) (quoting *Linck v. Barokas & Martin*, 667 P.2d 171, 173 (Alaska 1983)).

dismissed for failure to state a claim *unless it appears beyond doubt* that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' "[7]

### 1. It was not error to dismiss Mulligan's claim for false arrest.

"The elements of the false arrest . . . tort are (1) a restraint upon the plaintiff's freedom, (2) without proper legal authority."[8] Once a valid warrant is issued there can be no claim for false arrest because the warrant is appropriate legal authority.[9] Mulligan alleged that a judge issued a warrant for her arrest on charges of terroristic threatening in the second degree. Taking this fact as true,[10] and with no facts in the complaint suggesting that the warrant was improperly issued, the warrant provided legal authority for Mulligan's arrest. She therefore cannot assert a claim for false arrest, so the claim was properly dismissed.

### 2. It was error to dismiss Mulligan's state-law excessive force claim.

A person may bring an action for excessive force under both Alaska law and federal law.[11] Mulligan does not specify the basis for her excessive force claim —

---

[7]    *Guerrero*, 6 P.3d at 254 (alteration in original) (quoting *Martin v. Mears*, 602 P.2d 421, 429 (Alaska 1979)) (emphasis in original)).

[8]    *Waskey v. Municipality of Anchorage*, 909 P.2d 342, 345 (Alaska 1996).

[9]    *Id.* ("In the present case the Municipality obtained a warrant for the arrest of [plaintiff]. Thus it had appropriate legal authority for the arrest. There can be no claim for false arrest and false imprisonment under these circumstances.").

[10]    *Guerrero*, 6 P.3d at 253 (explaining that in reviewing a Rule 12(b)(6) dismissal, we "deem[] all facts in the complaint true and provable").

[11]    *See* AS 12.25.070 (limiting restraint used during arrest to no "greater restraint than is necessary"); AS 11.81.370(a) (allowing use of force if "the peace officer reasonably believes" it necessary to make an arrest"); *Olson v. City of Hooper Bay*, 251

(continued...)

state or federal — but because we liberally construe the arguments of self-represented litigants,[12] we analyze her claim of excessive force under both state and federal law.

### a. The complaint does not allege facts supporting municipal liability under federal law.

In this action, Mulligan has named only the Municipality and APD as defendants, not the individual officers involved. A municipality and its agencies cannot be held vicariously liable for acts of force by its officers under 42 U.S.C. § 1983.[13] Instead, municipal liability may be premised only upon some kind of "governmental policy or custom that inflicts constitutional injury."[14] Mulligan has alleged no facts in her complaint that could be construed as a policy or practice by the Municipality resulting in this alleged incident of excessive force. Thus, she fails to state a claim for municipal liability under Section 1983.

### b. The complaint alleges enough facts to state a claim of excessive force under state law.

Under Alaska law, a police officer "may not subject a person arrested to

---

[11]     (...continued)
P.3d 1024, 1030-32 (Alaska 2011) (describing standards for qualified immunity for claims of excessive force under both state statute and the Fourth Amendment to the U.S. Constitution). We have held there is no right of action for excessive force under the Alaska Constitution if other remedies are available under state tort law and federal law. *Lum v. Koles*, 314 P.3d 546, 556-57 (Alaska 2013).

[12]     *Breck v. Ulmer*, 745 P.2d 66, 75 (Alaska 1987) ("[T]he pleadings of pro se litigants should be held to less stringent standards than those of lawyers.").

[13]     *Hildebrandt v. City of Fairbanks*, 957 P.2d 974, 977 (Alaska 1998); *see also* 42 U.S.C. § 1983 (2018) (permitting civil actions for deprivation of rights guaranteed by the federal constitution).

[14]     *Hildebrandt*, 957 P.2d at 977.

greater restraint than is necessary and proper for the arrest and detention of the person."[15] Still, an "officer may use nondeadly force and . . . threaten to use deadly force when and to the extent the officer reasonably believes it necessary to make an arrest."[16]

To state a claim sufficient to survive a motion to dismiss, plaintiffs need present only "a brief statement that give[s] the defendant fair notice of the claim and the grounds upon which it rests."[17] Mulligan has alleged the date and place the force occurred, the name of the arresting officer, the case number of the formal complaint against her, and the charge for which she was arrested. She alleged that the force was excessive and that she had injuries that required treatment after her arrest. Mulligan did not explain in detail why the force was excessive, but the allegations give the Municipality enough notice of the specific incident alleged that it can conduct discovery into the underlying details.

The Municipality cites *Smith v. Gilman* for the proposition that "the plaintiff may not rely on conclusions alone; the complaint's allegations must include enough detail to provide a glimmer of some potentially viable factual theory."[18] However, the factual allegations in *Smith* — a case involving an allegedly illegal transfer

---

[15] AS 12.25.070.

[16] AS 11.81.370(a).

[17] *Robinson v. Alaska Hous. Fin. Corp.*, 442 P.3d 763, 770 (Alaska 2019) (alteration in original) (quoting *Alaska Commercial Fishermen's Mem'l in Juneau v. City & Borough of Juneau*, 357 P.3d 1172, 1178 (Alaska 2015)).

[18] No. S-10469, 2003 WL 22208114, at *2 (Alaska Sep. 10, 2003).

of land[19] — are distinguishable from this case.[20]  In *Smith* the plaintiff *"did not describe the alleged illegal actions except in the most conclusory terms — as a conspiracy and as unspecified acts of defamation."*[21]  The complaint failed to plead particular detail regarding the alleged conspiracy and defamation.[22]  It is difficult to defend against a conspiracy claim if the plaintiff fails to allege the members of the conspiracy or the nature of the illegal agreement.  Likewise, in a defamation action, if the plaintiff does not identify the statements alleged to be defamatory, a defendant lacks fair notice of the claim.  In this case the claim is not alleged in conclusory terms because Mulligan has identified the specific incident, the day it occurred, and the actors involved.  And the allegation that Mulligan was injured in the arrest suggests a potentially viable claim of excessive force.

The Municipality also argues that the excessive force statute does not allow for municipal liability because it applies only to "[a] peace officer or private person."[23]  Although the duty not to use excessive force may belong to the individual peace officer, the statutory language does not absolve the Municipality of vicarious liability for the acts of its individual officers.  Under AS 09.65.070, unless specifically exempted by statute, "an action may be maintained against a municipality in its corporate character and within the scope of its authority."  We have held that "the liability of a municipality for the

---

[19]   *Id*.

[20]   *Id.* at *1.

[21]   *Id.*

[22]   *See id.* at *1-2.

[23]   *See* AS 12.25.070 ("A peace officer or private person may not subject a person arrested to greater restraint than is necessary and proper for the arrest and detention of that person.").

negligent acts and omissions of its representatives will be governed by traditional tort principles."[24] "There are numerous cases which state that a municipality is vicariously liable for the actions of its employees, agents, and officers under the traditional tort principle of respondeat superior."[25] For example, we recognized a municipal entity's respondeat superior liability for defamatory statements made by a municipal employee.[26] Federal courts have held that the same principles apply to municipal liability claims for excessive force.[27] Mulligan may pursue her claim for damages from the Municipality for the excessive force of its officers so long as the force was used within the scope of their employment, which the facts alleged appear to suggest.

Because the complaint alleges sufficient facts to state a claim of excessive force for which the Municipality may be held vicariously liable under state law, it was error to dismiss Mulligan's excessive force claim.

## IV. CONCLUSION

We AFFIRM the superior court's decision to dismiss Mulligan's claim of false arrest. We REVERSE the superior court's decision to dismiss Mulligan's claim of excessive force and REMAND for further proceedings.

---

[24] *Taranto v. N. Slope Borough*, 909 P.2d 354, 357 (Alaska 1996) (quoting *Busby v. Municipality of Anchorage*, 741 P.2d 230, 232 (Alaska 1987)).

[25] *Id.* at 358.

[26] *Id.* at 355, 358-60.

[27] *See, e.g.*, *Estate of Tasi v. Municipality of Anchorage*, No. 3:13-CV-00234-SLG, 2016 WL 370694, at *18 n.170 (federal decision citing to *Taranto*), *reconsideration granted sub nom. Estate of Tasi ex rel. Taualo-Tasi v. Municipality of Anchorage*, No. 3:13-CV-00234-SLG, 2016 WL 10648441 (D. Alaska Mar. 16, 2016); *Nolte v. Municipality of Anchorage*, No. 3:07-CV-00211-TMB, 2010 WL 11519451, at *8 (D. Alaska Sept. 24, 2010) (same).