HELEN SCHENKER, Plaintiff-Appellant, v. CHICAGO TITLE & TRUST COMPANY *et al.*, Defendants-Appellees.

First District (2nd Division)   No. 83—2558

Opinion filed November 7, 1984.

Dennis M. O'Brien, of Chicago, for appellant.

Mark A. Stang, of Burke, Bosselman, Freivogel, Weaver, Glaves & Ryan, of Chicago, for appellees.

JUSTICE DOWNING delivered the opinion of the court:

Plaintiff, Helen Schenker, asks us to review the trial court's denial of her motion to vacate its earlier dismissal of her complaint with prejudice, or in the alternative, for leave to file a second amended complaint.

Plaintiff alleges the following facts in her amended complaint. Plaintiff was, prior to 1978 and until about April 15, 1980, the owner of the premises commonly known as 163 West Burton Street and 1447 North Wells Street in Chicago. Chicago Title & Trust Company, as trustee under trust No. 1073079, was the legal titleholder of property known as 170 West Burton Street, and David C. Eckles (hereinafter referred to as defendant), was the beneficiary of the trust. Beginning in late spring of 1978 and continuing into the summer of that year, defendant approached plaintiff for the purpose of requesting that he act as plaintiff's agent in the care and maintenance of her properties. Defendant represented to plaintiff that he had great skill and experience in matters of real estate care and maintenance and knew that plaintiff was unskilled and inexperienced in these areas.

During this period of time, defendant was remodeling his aforementioned premises and engaged the same tradesmen and architect who were working on his property to work on plaintiff's. Plaintiff alleged that defendant demanded and received credits or other payments from the tradesmen toward the remodeling of his property. Knowing that plaintiff's husband was ill and that plaintiff had borrowed $100,000 for hospital bills and used her properties as collateral, defendant nonetheless directed the workers to "gut" her buildings under the pretext of converting the property into salable units even though plaintiff had no commitment for financing such an extensive conversion. In this regard, defendant acted without plaintiff's knowledge or authority.

Plaintiff further averred that defendant knew that she had listed her property for sale at $295,000; however, as a result of defendant's conduct, plaintiff lost rental income from her property and was forced to sell it to repay the loans and received only $125,000 as the sales price. Plaintiff claimed she had no adequate remedy at law.

In count I of her amended complaint, plaintiff averred that defendant acted as her agent. In count II, she claimed that a fiduciary relationship had been established between them. Plaintiff requested that a constructive trust be impressed on defendant's real property in

favor of plaintiff "for the money wrongfully diverted which was used to enhance and improve defendant's property." In count III, plaintiff alleged that defendant negligently failed to fulfill his fiduciary duties and prayed for a judgment against defendant in the amount of $190,000. In the final count, plaintiff claimed that defendant had made various representations to plaintiff which were false and known to be false by defendant and that a fraudulent scheme was perpetrated against plaintiff. Plaintiff paid over $20,000 to various tradesmen as a result of defendant's fraud, and therefore requested exemplary damages of $200,000.

Plaintiff's original complaint was filed on July 17, 1980, and survived defendant's first motion to dismiss on November 18, 1980. Nearly three years later, in June of 1983, defendant's motion to dismiss was granted. The trial court noted that plaintiff's memorandum submitted to it contained assertions not found in the complaint and suggested that plaintiff incorporate these assertions so that the complaint comported with the memorandum. Plaintiff was granted leave to file a first amended complaint.

During argument on defendant's motion to dismiss the first amended complaint, the trial court carefully reviewed each of the four counts, pointing out their deficiencies. Specifically, the court found that there were insufficient allegations to establish an agency relationship. Further, even if agency had been properly pleaded, the court noted that there was no allegation that the tradesmen worked to plaintiff's detriment at defendant's instigation. The court also concluded that plaintiff had not successfully pleaded facts which would establish a fiduciary relationship. In dismissing count II because of the deficiencies in pleading the existence of a fiduciary relationship, the court commented that it was not familiar with authority to support an action for negligent breach of a fiduciary duty. The court also struck count IV, which sounded in fraud, because the complaint did not allege with specificity to whom the fraudulent representations were made and the circumstances surrounding them. Further, the representations made by defendant were merely statements of opinion and not facts, and therefore were not actionable. The trial court dismissed plaintiff's first amended complaint with prejudice on September 21, 1983.

Plaintiff subsequently filed a motion to vacate this order, or in the alternative, leave to file a second amended complaint. In her motion, plaintiff contended that she had, in her proposed second amended complaint, rectified the deficiencies. In opposition to her motion, defendant argued that plaintiff had not offered any newly discovered

material or had otherwise presented a valid reason for vacation of the dismissal order. In addition, defendant argued that a motion for leave to file an amended complaint is not a proper post-trial motion under section 2—1203 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—1203), formerly section 68.3 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 68.3).

The trial court ruled that it was satisfied that the complaint did not state a cause of action and that the proposed second amended complaint did not measure up to the cause of action that had been suggested by the court. The court also commented that it generally allows a litigant two attempts to properly plead a complaint, and if he cannot succeed in two attempts, then "it's reasonable to assume he will never be able to plead properly." The court then denied plaintiff's motion to vacate, or in the alternative, for leave to file a second amended complaint, with prejudice. Plaintiff subsequently requested that her second amended complaint be included in the record on appeal, which the trial court denied. This court, however, allowed plaintiff to file for our review a supplemental record which contained the proposed second amended complaint.

The trial judge in this instance stated at the October 20 hearing that he was "satisfied today, as I was satisfied on September 21st, that this complaint did not and does not state a cause of action." In its order of denial of plaintiff's motion, however, the court merely stated that "it is hereby ordered that plaintiff's aforesaid motion to vacate, or in the alternative for leave to file a second amended complaint, be denied with prejudice." The order was silent of any language saying that the second amended complaint did not state a cause of action. Therefore, there is no formal order which dismissed the proposed complaint. In fact, the trial court refused to allow the proposed second amended complaint to be included in the record. For the reasons set forth below, we believe the court should have allowed plaintiff leave to file the second amended complaint.

It is recognized that the decision whether to allow an amendment to a complaint lies within the sound discretion of the trial court, and its decision will not be disturbed absent a showing of an abuse of that discretion. (*Farnor v. Irmco Corp.* (1979), 73 Ill. App. 3d 851, 858, 392 N.E.2d 591, *appeal denied* (1979), 79 Ill. 2d 620.) A trial court's power to allow amendments should be freely exercised in order that litigants may fully present their causes of action. (*Scala/O'Brien Porsche Audi, Inc. v. Volkswagen of America, Inc.* (1980), 87 Ill. App. 3d 757, 762, 410 N.E.2d 205.) The test to be applied in this regard is whether a denial of the request to amend furthers the ends of justice.

*Plocar v. Dunkin' Donuts of America, Inc.* (1981), 103 Ill. App. 3d 740, 749, 431 N.E.2d 1175.

Ordinarily, an amendment should not be permitted to include matters which the pleader had full knowledge of at the time the original complaint was drafted and no excuse is presented for not putting its substance in the original pleading; however, an amendment will be allowed where justice is not served by denying leave to amend. (*Lawson v. Hill* (1979), 77 Ill. App. 3d 835, 845, 396 N.E.2d 617.) Further, doubts should be decided in favor of allowance of the amendment. *Lawson v. Hill* (1979), 77 Ill. App. 3d 835, 845, 396 N.E.2d 617.

In view of the fact that the trial court stated that it generally allows a litigant two chances in which to properly plead a complaint, we do not feel that the court gave due consideration to the tendered second amended complaint in this case. While we recognize that a trial court may consider the efficacy of the claim in passing on a motion to amend and that it is proper to deny leave if the proposed amendment does not cure the defects (*Cvengros v. Liquid Carbonic Corp.* (1981), 99 Ill. App. 3d 376, 379, 425 N.E.2d 1050, *appeal denied* (1981), 85 Ill. 2d 577), we believe that the trial court's somewhat summary disposition of plaintiff's request to file a second amended complaint was improper. We do not believe a "two-attempts" policy is in the spirit of the prevailing attitude toward liberality of amendment. After reviewing the tendered complaint, we are of the opinion that it is sufficiently different from the previous complaint to justify further consideration of it by the trial court. In view of the fact the record is silent with respect to formal action on the proposed second amended complaint, we reserve any judgment on the adequacy of the proffered complaint. However, we hold that plaintiff's request for leave to amend should have been granted.

For the foregoing reasons, the judgment of the circuit court of Cook County is hereby reversed and the cause is remanded for further proceedings in accordance with this decision.

Reversed and remanded.

HARTMAN, P.J., and PERLIN, J., concur.