DEBORAH A. SEIBRING, as Adm'r of the Estate of Rodney Seibring, Deceased, *et al.*, Plaintiffs-Appellants, v. PARCELL'S INCORPORATED *et al.*, Defendants (The City of Paxton *et al.*, Defendants-Appellees).

Fourth District   No. 4—86—0848

Opinion filed August 18, 1987.—Rehearing denied September 17, 1987.

Wilson Law Office, of Rantoul, for appellants.

Richard T. West, of Follmer & West, of Urbana, for appellees.

JUSTICE McCULLOUGH delivered the opinion of the court:
Plaintiffs Deborah A. Seibring and Jennifer Seibring appeal circuit court orders which (1) dismissed their complaint premised on alleged negligence and wilful and wanton misconduct against defendant

city of Paxton (Paxton) and Paxton police officers Walter Whitehill and David Isom, (2) denied them leave to file a second-amended complaint containing additional counts premised on alleged civil rights violations by the same defendants and (3) admitted testimony at an evidentiary hearing on a section 2—619 (Ill. Rev. Stat. 1985, ch. 110, par. 2—619) motion to dismiss which plaintiffs alleged was barred by the Dead Man's Act (Ill. Rev. Stat. 1985, ch. 110, par. 8—201).

Following the dismissal of their initial complaint, plaintiffs filed an amended eight-count complaint. Only counts III through VIII, which allege wrongful death survival actions, are here at issue. In those counts, plaintiffs sought damages on the basis of the death of decedent Rodney Seibring (decedent), who was the husband of plaintiff Deborah Seibring and the father of plaintiff Jennifer Seibring.

Counts III through V are directed to Paxton, Whitehill and Isom, respectively, and are based on alleged acts of negligence. Counts VI through VIII are also directed to Paxton, Whitehill and Isom, respectively, and are based on alleged acts of wilful and wanton misconduct. All of the counts here at issue involve essentially the same set of facts. They state that on or about December 22, 1984, Paxton employed Isom and Whitehill as police officers. On that date, the two officers responded to a request for assistance at the Paxton Bowl, where they found decedent and Bruce Adwell, who were causing a disturbance. At that time, decedent and Adwell were intoxicated, and Isom and Whitehill knew or should have known of this impairment. Whitehill and Isom thereafter transported decedent and Adwell, along with plaintiff Deborah A. Seibring, to two motor vehicles in the possession of decedent and Adwell.

At that time, the two police officers had a special duty not to cause or allow decedent to operate a motor vehicle (counts III through V), or "not to wilfully, wantonly, and consciously cause, allow, or disregard the possibility that decedent would operate a motor vehicle." (Counts VI through VIII.) Notwithstanding these duties, Whitehill and Isom committed one or more of the following negligent or wilful and wanton acts: (1) allowed decedent to operate a motor vehicle; (2) caused decedent to operate a motor vehicle; and (3) failed to take custody of decedent in order to protect his person. As a direct and proximate result of these actions, decedent operated a motor vehicle and was involved in an automobile crash resulting in his death. By reason of decedent's death, the plaintiffs were deprived of his support, companionship, society and services.

On February 4, 1986, defendants filed a section 2—619 (Ill. Rev. Stat. 1985, ch. 110, par. 2—619) motion to dismiss plaintiffs' first-

amended complaint. On September 29, 1986, the plaintiffs filed a motion for leave to further amend their complaint by adding counts claiming damages for violations of decedent's civil rights on the basis of section 1983 of chapter 42 of the United States Code (42 U.S.C. sec. 1983 (1982)). An evidentiary hearing subsequently was held on defendants' motion to dismiss, pursuant to subsection (c) of section 2—619.

In orders entered November 24, 1986, the circuit court denied the plaintiffs' motion for leave to further amend their complaint and dismissed counts III through VIII of plaintiffs' amended complaint with prejudice.

■■ We first consider plaintiffs' contention that the circuit court improperly dismissed counts III through VIII of their amended complaint. The principal bases for plaintiffs' argument that the dismissal of these counts should be reversed are (1) on the night decedent was killed, Whitehill and Isom were "uniquely aware" of decedent's intoxicated condition and the dangers which would be posed by his driving a motor vehicle; (2) it is not necessary that an individual be "in custody" in order to be deemed "under the direct and immediate control" of a police officer; and (3) it seems incongruous that the courts are willing to impose a substantially lower standard of responsibility on those trained to recognize intoxicated persons and stop them from driving than is imposed on motorists themselves to refrain from driving while intoxicated.

In order for a municipality to owe a duty to an individual, as opposed to the general public, the following elements must exist:

"(1) [T]he municipality must be uniquely aware of the particular danger or risk to which plaintiff is exposed; (2) there must be allegations of specific acts or omissions on the part of the municipality; (3) the specific acts or omissions must be either affirmative or wilful in nature; and (4) the injury must occur while the plaintiff is under the direct and immediate control of employees or agents of the municipality." *Marshall v. Ellison* (1985), 132 Ill. App. 3d 732, 737, 477 N.E.2d 830, 834, quoting *Curtis v. County of Cook* (1982), 109 Ill. App. 3d 400, 407, 440 N.E.2d 942, 947, *aff'd in part and rev'd in part* (1983), 98 Ill. 2d 158, 456 N.E.2d 116.

In *Hernandez v. Village of Cicero* (1986), 151 Ill. App. 3d 170, 502 N.E.2d 1226, a case quite similar to that at bar, the decedent, who was intoxicated at the time of his death, was stopped twice by police officers for speeding. Within a half hour of both of the traffic stops, the decedent was killed in a one-car accident. The court held that the

decedent was not under the direct and immediate control of the defendants at the time of his death, and therefore the defendants were not liable for damages on the basis of his death.

In the present case, there are no allegations that decedent was under the direct and immediate control of the city of Paxton or its police officers when he was killed. It follows that at the time of decedent's death, Officers Isom and Whitehill owed him no special duty. Therefore, neither they nor the city of Paxton are liable for damages stemming from decedent's death on the basis of the common law pertaining to negligence or wilful or wanton misconduct.

Although it may at first glance appear incongruous that a stricter obligation is imposed upon motorists to refrain from driving while intoxicated than is imposed upon police officers to prevent intoxicated individuals from driving, it should be remembered that efficient law enforcement necessarily involves a grant of broad discretion to police officers in determining whether to restrain, detain, or arrest an individual. This discretion is required by the facts that there are often numerous matters deserving of a police officer's attention at the same time, and it is often impracticable for police officers to consult with their superiors in order to arrange their priorities. Moreover, a holding that a police officer has no discretion as to whether to restrain or detain an individual under the facts presented by this case would often place police officers in a difficult position: if they would not detain or take an apparently intoxicated individual into custody, they could be subject to a tort suit; if they would detain or take such an individual into custody, they might be subject to a Federal civil rights suit premised on alleged unlawful detention. Police officers should not be placed in this dilemma.

■■ ■ We next consider plaintiffs' contention that the circuit court improperly denied their request for leave to further amend their complaint by adding additional counts. The stated bases for the circuit court's denial of the plaintiffs' motion for leave to further amend their complaint were (1) the plaintiffs knew of all the facts alleged in their proposed additional counts when they filed their original complaint; (2) "[t]his court is not familiar with the law concerning 42 USC Section 1983 actions"; and (3) the plaintiffs have an available forum in which to pursue their causes of action.

The plaintiffs assert that all of the factors which are to be considered in determining whether a forum is convenient favor adjudication of the proposed additional counts in Ford County. They further assert that if the circuit court's holding is considered purely as a decision not to allow amendment of a pleading, the case was far removed from

the trial stage when they sought leave to further amend, and virtually no prejudice or surprise could have accrued to defendants as a result of their being allowed to further amend their complaint.

The defendants contend the circuit court properly refused to allow plaintiffs to further amend their complaint because leave to amend may properly be denied where the plaintiff knew of all of the facts stated in the proposed additional counts when the initial complaint was filed, and also because a trial court's unfamiliarity with the applicable law is an appropriate consideration in determining whether a forum is convenient.

In their reply argument, plaintiffs note that they may encounter a statute of limitations problem should they be forced to initiate litigation in Federal court requesting damages on the basis of decedent's death.

Generally, amendment of a complaint will not be permitted where no excuse is presented for omitting new matter stated in the amendment from the original complaint; however, amendments should be allowed where justice will not be served by denial thereof. (*Schenker v. Chicago Title & Trust Co.* (1984), 128 Ill. App. 3d 488, 470 N.E.2d 1264.) Amendment of a pleading should not be permitted where the opposing party will be prejudiced or surprised, as where amendment is sought on the eve of trial and the party seeking to amend must have had knowledge of the new matters which it seeks to allege when the original pleading was filed. (*Trident Industrial Products Corp. v. American National Bank & Trust Co.* (1986), 149 Ill. App. 3d 857, 501 N.E.2d 273.) Doubts should be resolved in favor of allowing amendment of pleadings. *Schenker v. Chicago Title & Trust Co.* (1984), 128 Ill. App. 3d 488, 470 N.E.2d 1264.

In the present case, the question of whether the plaintiffs were properly denied leave to amend their complaint (putting aside for the moment the applicability of the doctrine of *forum non conveniens*) is close. It is true that this case had been on file for over a year at the time the plaintiffs sought leave to further amend their complaint. Moreover, the plaintiffs apparently presented no reasons to the circuit court for their failure to more timely file their proposed additional counts. On the other hand, no trial date had apparently been set when the plaintiffs sought leave to further amend, and the defendants do not point to any prejudice which they would suffer if the plaintiffs are permitted to further amend their complaint. In sum, the factors relevant to whether the plaintiffs should have been permitted to further amend their complaint are evenly balanced. In these circumstances, the principles that doubts should be resolved in favor of amendment,

and that leave to amend should not be denied where justice would not be served by denial, require reversal of the circuit court's denial of the plaintiffs' request to further amend, unless that decision is supported by the law relating to the doctrine of *forum non conveniens*.

■ The factors which must be considered in ruling on a motion to dismiss on the ground that the forum is not convenient are:

> "[T]he location of witnesses, the availability of compulsory process to secure attendance of unwilling witnesses, the ease of access to sources of proof, the possibility of a view of the site of the occurrence, the tax burden as well as the imposition of jury service upon the residents of the community, the congestion of the court dockets, and the relative convenience of the parties." (*Moore v. Chicago & North Western Transportation Co.* (1983), 99 Ill. 2d 73, 77, 457 N.E.2d 417, 419.)

The plaintiff's choice of forum is to be accorded great weight and will not be disturbed unless a balancing of the above factors strongly favors the defendant. 99 Ill. 2d 73, 457 N.E.2d 417.

■ As the defendants acknowledge, Illinois courts have concurrent jurisdiction with Federal courts in adjudicating section 1983 civil rights actions. 42 U.S.C. sec. 1983 (1982); *Alberty v. Daniel* (1974), 25 Ill. App. 3d 291, 323 N.E.2d 110.

■ The necessity of applying the law of another jurisdiction is a factor which may be considered in determining whether a forum is convenient (*Satkowiak v. Chesapeake & Ohio Ry. Co.* (1985), 106 Ill. 2d 224, 478 N.E.2d 370), but there are no Illinois cases holding a plaintiff's choice of forum inconvenient solely for that reason. All of the other factors relevant to whether a chosen forum is convenient favor trial of any additional counts of the plaintiff's complaint in Ford County. As the plaintiffs observe, all of the material witnesses save one live in the Paxton area, and the Ford County circuit court sits at Paxton. By contrast, the closest alternate forum for trial of the civil rights claims contained in the plaintiffs' proposed additional counts is the United States District Court at Danville, which is located at some distance from Paxton. Moreover, we may properly take judicial notice that the dockets of the circuit courts of small counties such as Ford are generally not congested. See *Curtis v. Pekin Insurance Co.* (1982), 105 Ill. App. 3d 561, 434 N.E.2d 555.

■ As previously noted, the contention that a trial court may decline jurisdiction of an action solely because the court has no knowledge of the law on which the action is based, and an alternate forum is available, is a novel proposition in the context of prior Illinois decisions dealing with the doctrine of *forum non conveniens*. It is true

that there is a Utah decision (*Kish v. Wright* (Utah 1977), 562 P.2d 625) which holds that State courts may decline to adjudicate claims premised on Federal law over which they have concurrent jurisdiction, if a more convenient forum is available and trial of the case in State court would place an unreasonable burden on some or all of the parties or on the court. However, a trial judge's possible unfamiliarity with the relevant law is not a factor unique to cases where there is concurrent Federal jurisdiction. Rather, this factor is often present in cases involving obscure areas of the law for which there is no alternate Federal forum. Presiding at the trial of a Federal civil rights suit would impose no greater burden on a judge than would presiding at the trial of a case involving an obscure area of State law over which there is no concurrent Federal jurisdiction.

For the above reasons, we reverse the circuit court's denial of plaintiffs' request for leave to further amend their complaint. We do not, of course, express any opinion as to whether plaintiffs' additional counts state causes of action.

Because counts III through VIII are on their face insufficient to state causes of action and because it is not certain that the matter will again arise in subsequent proceedings, we need not consider the question of whether the circuit court improperly admitted testimony which is barred by the Dead Man's Act at the section 2—619 hearing.

The circuit court's dismissal of counts III through VIII of plaintiffs' amended complaint is affirmed, the circuit court's denial of plaintiffs' request for leave to further amend their complaint is reversed, and the cause is remanded to the circuit court for further proceedings consistent with this opinion.

Affirmed in part, reversed in part, and remanded.

SPITZ, P.J., and KNECHT, J., concur.